Mr. Justice YanValkenburgh
delivered the opinion of the court.
On the 13th day of November, 1878, the defendant, Joshua L. McGahagin, was indicted by the grand jury of Marion county, which said indictment recites that the said defendant, “on the second day of November, in the year of our Lord one thousand eight hundred and seventy-seven, with force and arms, at and in the county of Marion aforesaid, wilfully and maliciously did shoot, disfigure and -injure one ox of the value of thirty dollars, of the property, goods and chattels of,” &c.
There is but this one count in the indictment, and upon that the defendant was tried at the spring term of said court, in the year one thousand eight hundred and seventy-* nine, and the jury found him guilty. The counsel for defendant then moved in arrest of judgment upon several grounds, among which is the following:
“The indictment charges two distinct and separate felonies, to-wit: the disfiguring an ox under the 74th section of an act approved the 6th day of August, A. D. 1868, and for injuring an ox under the 79th section” of the same act.
Counsel also moved for a new trial for several- assigned reasons; both of which motions were denied by the court, and the defendant was sentenced to pay a fine of ten dollars and the costs. Prom this judgment he brings his writ of
This indictment must have been found either under the act of 1878, chapter 1637, approved August 6th, 1868, or under the act of 1871, chapter 1846, approved January 27, 1871. The statute of 1871 provides “that whoever, not having a sufficient fence or other enclosure to prevent the intrusion of animals upon his premises, shall, in attempting to expel therefrom any horse, cow, hog or other animal of another person found intruding thereon, kill, maim, wound or disfigure any such animal, shall be held guilty of a misdemanor,” &c. This indictment, if framed under this statute, does not follow the language, nor is it in language of equivalent import, and, therefore, is not sufficient to warrant the verdict of the jury in this case. It was necessary to allege and prove, if the indictment was framed under it, that the defendant did not have “a sufficient fence or enclosure to prevent the intrusion of animals upon his premises.” This court has frequently held that “where the offence is one prescribed and defined by statute, it must be charged in the very language of the statute, or in language of equivalent import.” Humphreys vs. The State, 17 Fla., 381; Snowden vs. The State, Ib., 386; Dennis vs. The State, Ib., 389.
Section 74, of sub-chapter four of chapter 1637 of Laws of 1868, is as follows: “Whoever wilfully or maliciously . kills, maims or disfigures any horse, cattle or other beast of another person, * * * shall be punished by imprisonment in the State Penitentiary not exceeding five years, or by a fine not exceeding one thousand dollars, or imprisonment in the jail not exceeding one year.”
Section 79 of the same chapter provides that “whoever wilfully and maliciously destroys or injures the personal property of another, in any manner or by any means not particularly described or mentioned in this chapter, shall be punished by imprisonment in the State Penitentiary not exceeding five years, or by fine not exceeding one thousand dollars, and imprisonment in the jail not exceeding one year; provided,” &c.
The penalties imposed by these two sections are different in degree, while they each provide for imprisonment in the State penitentiary for a term not exceeding five years, one provides a fine or imprisonment in the jail, while the other contemplates both a fine and imprisonment in the jail, at the discretion of the court, not exceeding, however, the limits fixed by the statute.
This indictment charges two distinct offences in one count, to-wit: “disfiguring” an ox under the 74th section and “injuring” an ox under the 79th section. It cannot be said in* this case that the word “injure” as used in the indictment is mere surplusage, for the reason that the injury of personal property not otherwise “described or mentioned” in the statute, is made a felony. The criminal law never permits the joinder of two or more distinct offen-ces in one count of an indictment. The verdict of the jury , .was a general one of “guilty,” in no way designating of which offence the defendant was so guilty.
Whether, had the verdict acquitted the defendant of one of the offences and found him guilty of the other, the defect might have been cured "by the verdict, it is not necessary to determine. Before trial the indictment was demur-rable for duplicity, or the defendant could have moved the court to quash it; he failed so to do and now moves in arrest of judgment. There are cases in which all the circumstances necessary to constitute different crimes may be alleged in one count of an indictment, and yet be sufficient in law. These are cases where the offence described in the count is a complicated offence; as in an indictment for murder, which comprehends all the circumstances that go to constitute manslaughter; or in other crimes, where the lesser constitutes an essential part of the higher crime, and is merged in a conviction for such higher crinfe; This case is not an instance of an indictment setting out in one count a complicated offence, embracing various circumstances, which in themselves amount to offences, but it is a single count setting out two distinct and independent offences, which had no necessary connection with each other. The indictment is, within the meaning of chapter 1107, laws of *174 1861, “so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation oí his de-fence,” &c., and we do not see that it was enacted to apply in a case of this kind. It was never intended by the Legislature in the passage of that act to compel the courts to try a prisoner for two or more distinct and separate felonies or crimes charged in an indictment containing but a single count. Bishop on Crim. Pro., §432; People vs. Wright, 9 Wend. Rep., 193; Commonwealth vs. Symonds, 2 Mass., 163; United States vs. Sharp, Peters, c. c. 131; State vs. Fowler, 8 Foster, N. H., 184; State vs. Nelson, 8 N. H., 163; State vs. Merrill, 44 N. H., 624.
It is not necessary to notice the other errors assigned, as the judgment of the court below must be arrested.