MILLS, Judge. '
Holland seeks reversal of a judgment of conviction and sentence based on a jury verdict finding him guilty of robbery. The controlling issue raised by this appeal is whether a count of an information charging robbery must describe the property taken with particularity.
The count with which we are involved alleges that Holland did unlawfully, by force and putting in fear, take from the victim certain personal property owned by the victim, citing Section 813.011, Florida Statutes. After the verdict, Holland moved for arrest of judgment on the ground that the property taken was not described in the count; therefore, the count was so defective that it would not support a judgment of conviction.
The crime of robbery does not depend upon, the kind or value of the property taken. The gist of the crime is the felonious taking by the accused of property of another by force and putting in fear. Stephens v. State, 92 Fla. 43, 109 So. 303 (1926). Therefore, the kind of property taken is not an essential element of the crime of robbery, and it is unnecessary to allege its description with particularity, although it is a better practice.
In addition, Rule 3.140 (0), Florida Rules of Criminal Procedure, provides that judgment on a count of an information shall not be arrested for any cause whatsoever, unless the trial court determines that the count is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction to substantial danger of a new prosecution for the same offense. Holland’s motion did not allege, and the trial court did not find that the count before us was so vague, indistinct and indefinite as to mislead or embarrass the accused in the preparation of his defense or expose him after conviction to substantial danger of a new prosecution for the same offense. Also, the record before us shows that prior to trial the State disclosed each specific item of personal property to Holland.
*578 The trial court properly denied the motion for arrest of judgment.
The other points raised by Holland are without merit.
Affirmed.
BOYER, C. J., and McCORD, J., concur.