388 So.2d 1303 (1980)
Ronald C. BASHANS, Appellant,
v.
STATE of Florida, Appellee.
No. OO-70.
District Court of Appeal of Florida, First District.
October 7, 1980.
Rehearing Denied November 6, 1980.
*1304 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant appeals his jury conviction of sexual battery in violation of § 794.011, Florida Statutes. We reverse and remand for a new trial.
The indictment returned against appellant is in two counts. The first count charges sexual battery and the second solicitation for prostitution. The sexual battery count of the indictment states as follows:
RONALD C. BASHANS on the 18th day of March, 1978, in Leon County, Florida did commit sexual battery upon Corrine Lines, a person 14 years of age by oral or vaginal penetration, without her consent while she was physically helpless to resist or did use physical force and violence not likely to cause serious personal injury, contrary to § 794.011, Florida Statutes.
The jury returned a verdict on Count I which stated as follows:
"We, the jury, find the defendant, Ronald C. Bashans, guilty as charged of sexual battery."
The jury returned a verdict of not guilty on Count II. Appellant was adjudged guilty of Count I, sexual battery, and sentenced to a prison term of 15 years.
Appellant first contends that the indictment is fatally defective as to Count I and will not support a judgment of conviction because it fails to charge a specific offense. We agree. Count I does not charge a specific offense but charges two separate offenses-one a felony of the first degree, under § 794.011(4)(a), and the other a felony of the second degree, under § 794.011(5). The first degree felony carries a maximum sentence of life imprisonment and the second a maximum of 15 years in prison. In support of his contention, appellant cites an 1880 opinion of the Supreme Court of Florida-McGahagin v. State, 17 Fla. 665. That opinion is directly on point and requires reversal. Thus, we must reverse and remand for a new trial.
*1305 Appellee, in reply, makes no reference to McGahagin but argues that Irvin v. State, 52 Fla. 51, 41 So. 785 (1906), and other cases require that a defendant must attack an indictment for duplicity before the verdict is rendered or the defect is waived. None of the authorities relied upon by appellee, however, deal with the proposition presented to us in the case sub judice and which the Supreme Court was confronted with in McGahagin-an indictment charging two separate offenses in the same count and a general verdict of guilty on such count. McGahagin holds that such a verdict and judgment cannot stand as it cannot be determined which of the alleged offenses the jury found the defendant guilty of having committed.[1]
The decisions cited by appellee finding waiver only apply where a single crime can be committed in alternative ways and the indictment alleges alternatively several acts, any one of which would support a guilty verdict for the one offense. Here, however, and in McGahagin, the two alternatives each constituted a separate and distinct offense. It is impossible to tell whether the jury found appellant guilty of the first degree felony or the second degree felony. While this point has been raised for the first time on this appeal, we must entertain the question because it points out fundamental error. We suggest that this dilemma could have been cured prior to the jury's verdict by submitting special verdicts to the jury-one on the first degree felony and the other on the second degree felony.
Appellant's second point contends that the evidence is insufficient to support the verdict, and appellant must, therefore be discharged. From a careful examination of the record, we find the evidence was not sufficient to have supported a guilty verdict for the first degree felony but was sufficient to have supported a guilty verdict for the second degree felony. Since it is impossible to determine whether the jury found appellant guilty of the charge on which the evidence was sufficient or guilty of the charge on which the evidence was insufficient, this point also requires a new trial. Neither this Court nor the trial court is privileged to make this determination for the jury.
We have considered appellant's third point and find it to be without merit.
*1306 Reversed and remanded with directions that the charge of Count I of the indictment alleging commission of the sexual act while the victim was physically helpless to resist be stricken and a new trial granted on the remaining charge of Count I.
LARRY G. SMITH, J., concurs.
WENTWORTH, J., concurs specially.
WENTWORTH, Judge, concurring specially.
I concur in the opinion of the majority that the evidence was insufficient to establish a violation of § 794.011(4)(a), Florida Statutes. Since this conclusion requires that appellant's conviction be reversed and the cause remanded for a new trial on the remaining charge, appellant's contention as to facial sufficiency of the indictment and the question of waiver are rendered moot and I would not address those issues.
NOTES
[1] In McGahagin, the Supreme Court said:

This indictment charges two distinct offenses in one count, ... The criminal law never permits the joinder of two or more distinct offenses in one count of an indictment. The verdict of the jury was a general one of "guilty," in no way designating of which offence the defendant was so guilty.
Whether, had the verdict acquitted the defendant of one of the offences and found him guilty of the other, the defect might have been cured by the verdict, it is not necessary to determine. Before trial the indictment was demurrable for duplicity, or the defendant could have moved the court to quash it; he failed to do so and now moves in arrest of judgment. There are cases in which all of the circumstances necessary to constitute different crimes may be alleged in one count of an indictment, and yet be sufficient in law. These are cases where the offence described in the count is a complicated offence; as in an indictment for murder, which comprehends all the circumstances that go to constitute manslaughter; or in other crimes, where the lesser constitutes an essential part of the higher crime, and is merged in a conviction for such higher crime. This case is not an instance of an indictment setting out in one count a complicated offence, embracing various circumstances, which in themselves amount to offences, but it is a single count setting out two distinct and independent offences, which had no necessary connection with each other. The indictment is, within the meaning on Chapter 1107, Laws of 1861, "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence," &c., and we do not see that it was enacted to apply in a case of this kind. It was never intended by the Legislature in the passage of that act to compel the courts to try a prisoner for two or more distinct and separate felonies or crimes charged in an indictment containing but a single count.
The statute referred to, Chapter 1107, Laws of 1861, is an erroneous citation. The correct citation is Chapter 1107, Laws of 1860. That statute provides that no motion in arrest of judgment shall be entered on a defective indictment unless the indictment is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense" or unless the conviction could subject the defendant to double jeopardy. The same statute also allows correction of such an indictment on order of the trial court before trial.