395 So.2d 1287 (1981)
Terry Lloyd COTTON, Appellant,
v.
STATE of Florida, Appellee.
No. VV-365.
District Court of Appeal of Florida, First District.
April 2, 1981.
*1288 Michael Minerva, Public Defender, and Theodore E. Mack, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
LILES, WOODIE A. (Retired), Associate Judge.
The defendant appeals his conviction of sexual battery with the use of actual physical force likely to cause serious personal injury [§ 794.011(3), Fla. Stat.] and his sentence to sixty years' imprisonment. We affirm.
The State charged the defendant by information which read, in pertinent part:
"... the above-named defendant on the 8th day of September, 1979, did then and there unlawfully commit a sexual battery upon [the victim], a person over the age of eleven (11) years, to-wit: Twenty-one years of age by vaginal penetration with his penis without the consent of [the victim], and in the process thereof used or threatened to use actual physical force likely to cause serious personal injury, contrary to sections 794.011(3), Florida Statutes."
The jury, in turn, rendered a verdict which read:
"We, the Jury, find the Defendant, Terry Lloyd Cotton, guilty as charged of sexual battery with the threat of or use of force likely to cause serious personal injury."
Defendant was adjudged guilty of a violation of Section 794.011(3) and sentenced to a prison term of sixty years.
Defendant correctly points out that there is no offense set out under the charge of sexual battery which includes both the threat of force likely to cause serious personal injury and the use of force likely to cause serious personal injury. There is no mention of threat of force likely to cause serious personal injury in Section 794.011(3).[1] Rather, Section 794.011(4)(b) is the *1289 portion of the statute covering the threat to use force.[2] Defendant thus urges that the jury found him guilty of both a life felony [§ 794.011(3)] and a felony of the first degree [§ 794.011(4)(b)]. Given the ambiguity of this verdict, defendant then urges that the trial court committed fundamental error in sentencing him to sixty years' imprisonment under Section 775.082(3)(a), Florida Statutes.[3] He argues that he should have been sentenced to a maximum term of thirty years under Section 775.082(3)(b), Florida Statutes.[4] In much the same vein, he also contends that the indictment is fatally defective because it fails to allege a specific offense.
In support of his argument, defendant has cited the decision of this Court in Bashans v. State, 388 So.2d 1303 (Fla. 1st DCA 1980). At first blush, his argument would appear to be well founded. Citing McGahagin v. State, 17 Fla. 665 (Fla. 1880), this Court held that a verdict and judgment cannot stand where it cannot be determined which of the alleged offenses the jury found the defendant guilty of having committed. Bashans, at 1304. While we have no quarrel with this general proposition of law, we do not feel that it applies to this case.
We cannot agree with the defendant's assertion that the information is fatally defective. An information which is sufficient in other respects is not invalidated by reason of the fact that it is inartfully drawn. State v. Brock, 106 So.2d 607 (Fla. 1st DCA 1958); Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937). The test to be applied is whether the language is so vague, inconsistent, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after a conviction or acquittal to substantial danger of a new prosecution for the same offense. Fla.R.Crim.P. 3.140(0); Martinez v. State, 368 So.2d 338 (Fla. 1978); Holland v. State, 319 So.2d 577 (Fla. 1st DCA 1975). Under the facts of this case, we cannot conclude that defendant was misled by the information. For one, the information, despite the looseness of the language used, specifically notes a violation of Section 794.011(3), unlike the indictment in Bashans, which merely notes a violation of Section 794.011. More importantly, the defendant requested the following jury charge, which was given by the judge:
"The maximum sentence which can be imposed by this Court for the offense charged is imprisonment for life, and the Court must impose at least thirty years of imprisonment."
By this jury instruction defendant's counsel attempted to impress upon the jury the consequences of a conviction under Section 794.011(3), a life felony. This obvious appeal to the jury's inherent power to "pardon" the accused of the more serious crime indicates only too well that the defendant knew on which charge he was being tried. Thus, not only does the record contain nothing whatever to indicate that he did not *1290 know he was being tried for a violation of Section 794.011(3), but affirmatively demonstrates the opposite. Accordingly, the surplusage in the information was not such a fundamental defect as to render the information challengeable for the first time on appeal. See Marshall v. State, 381 So.2d 276 (Fla. 5th DCA 1980).
We turn now to the verdict rendered by the jury. A verdict is not necessarily invalid for uncertainty. Yarborough v. State, 94 Fla. 143, 114 So. 237 (1927). It should be considered with respect to the indictment or information and the entire record. Chavers v. State, 45 So.2d 180 (Fla. 1950); Barnhill v. State, 41 So.2d 329 (Fla. 1949). Here, the evidence proffered overwhelmingly supports a finding of guilt of Section 794.011(3), unlike Bashans, where the evidence presented supported only a conviction of the lesser offense. The evidence indicates that, on September 8, 1979, the victim was visiting a friend's apartment located in the same complex as her own apartment. The friend had other visitors, among whom was this defendant. The victim returned to her apartment after a short visit and was preparing supper when the defendant appeared at the door, saying he just wanted to talk. She invited him in. Later, she invited him to stay for dinner, and he accepted. After finishing dinner, he did not appear as though he wanted to leave, and she, not wishing to appear rude, said she needed to finish reading a book in relation to her studies. She testified her purpose in doing so was to urge the defendant to leave. He asked to use the bathroom and was on his way out when he supposedly discovered that he had left his lighter in the bathroom and went back to look for it. The victim stood in the door observing his search when suddenly he ran out and grabbed her. He placed her in a hammerlock and threw her on the bed. She resisted as best she could, and he threatened to kill her if she did not consent to sexual intercourse. She continued to scream and resist but was beaten and forced to have sexual intercourse against her will. In the course of his assault, the defendant knocked a cap off of one of her teeth and severely scratched the inside of her mouth. She also sustained multiple bruises to the face, forehead, lower lip, jaw, her right arm, and left pectoral area. While this evidence supports both the threat of force and the actual use of force likely to cause serious personal injury, the trial judge almost verbatim tracked the standard jury instructions for Section 794.011(3) and the lesser-included offenses of sexual battery with force not likely to cause harm[5] and simple battery.[6] Since no jury charges were given regarding the threat to use force or violence in the accomplishment of the sexual battery, we cannot speculate that the jury found the defendant guilty of an offense on which it was not instructed and of which no mention was made at trial. Accordingly, we hold that it can be objectively determined from these facts and the overwhelming evidence of record that the jury intended to convict the defendant of sexual battery with the use of actual physical force likely to cause serious personal injury, and nothing else. The judgment and sentence of the trial court are
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Section 794.011(3), Florida Statutes, reads:

"(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony ..." [emphasis supplied] We are not here concerned with the use or threat to use a deadly weapon in the commission of the sexual battery.
[2] Section 794.011(4)(b), Florida Statutes, states:

"(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent under any of the following circumstances shall be guilty of a felony of the first degree ...
"(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats."
[3] Section 775.082(3), Florida Statutes:

"A person who has been convicted of any other designated felony may be punished as follows:
"(a) For a life felony, by a term of imprisonment for life or for a term of years not less than 30;
"(b) For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment."
[4] Id.
[5] § 794.011(5), Fla. Stat.
[6] § 784.03, Fla. Stat.