PER CURIAM.
Appellant, Charles Steven Stidham, challenges his convictions and sentences for three counts of sexual battery and two counts of lewd assault. We find merit in only one of appellant’s contentions. We find that because there was insufficient evidence of a sexual battery in connection with count I, the trial court erred in denying appellant’s motion for judgment of acquittal on that count. We, accordingly, reverse appellant’s conviction and sentence for sexual battery on count I.
A jury found appellant guilty of three counts of capital sexual battery on a child under twelve in violation of section 794.011, Florida Statutes (1985), and two counts of lewd assault on a child under sixteen in violation of section 800.04, Florida Statutes (1985). Counts I and II were for sexual battery upon K.S., for which the trial court sentenced appellant to two consecutive life terms. Appellant was sentenced to a concurrent life term for count IV, sexual battery upon A.S. On counts III and IV, lewd assault against K.S. and A.S., appellant was sentenced to two fifteen year concurrent terms.
The information alleged two incidents of vaginal digital penetration committed upon K.S. The state, however, produced no evidence of vaginal penetration for the time period alleged in count I. In regard to this time period, K.S. testified only that appellant touched her in between her legs over the top of her clothes. There is no evidence to support the element of penetration in regard to this incident. The trial court erred in denying appellant’s motion for judgment of acquittal on count I. Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988).
Accordingly, we reverse appellant’s conviction and sentence on count I and remand for a judgment of acquittal on that count. We affirm the remaining judgments and sentences in all other respects.
SCHOONOVER, C.J., and LEHAN and THREADGILL, JJ., concur.