623 So.2d 572 (1993)
Ozzievelt FOUNTAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-570.
District Court of Appeal of Florida, First District.
August 23, 1993.
Nancy A. Daniels, Public Defender, John R. Dixon, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, Ozzievelt Fountain, challenges his conviction for false imprisonment and aggravated assault. For the reasons discussed below, we find that appellant has waived the alleged error in the information charging him with kidnapping either of two victims. On appellant's second point, we agree that the judgment erroneously describes the offense of aggravated assault as a *573 second degree felony. As the state concedes, aggravated assault is a third degree felony, and we are obliged to remand the case for correction of the judgment.
Appellant was charged with armed kidnapping as described in the following count of the information:
OZZIEVELT FOUNTAIN, on or about September 22, 1991, at and in Escambia County, Florida, did unlawfully and forcibly, secretly or by threat, confine, abduct, or imprison another, to-wit: Joyce Lewis or James Henderson against her will, and without lawful authority, with intent to commit or facilitate the commission of any felony, to-wit: aggravated assault, or to inflict bodily harm upon or to terrorize Joyce Lewis or another person, to-wit: James Henderson, and during the process thereof, Ozzievelt Fountain used, carried or possessed a weapon, to-wit: a semi-automatic pistol or handgun, in violation of Sections 787.01(1)(a) and 775.087, Florida Statutes.
At no time prior to trial did appellant move to dismiss this count of the information, nor did appellant raise an objection or motion at trial concerning the wording of this count.
At trial, testimony from Joyce Lewis and James Henderson established that, on the night of September 22, 1991, Henderson was baby-sitting Lewis' children at Lewis' apartment. The appellant entered the apartment asking for Lewis, and Henderson informed him that she was not at home. Apparently, Henderson had seen appellant at the apartment in the past and was aware that appellant was the father of some of Lewis' children. Appellant pointed a gun at Henderson and ordered him to sit down. Although Henderson admitted having several opportunities to escape over the course of the evening, including a 10 or 15 minute period during which appellant went to the store to buy beer, Henderson decided not to leave the children or risk escape. Shortly after appellant returned from the store, Lewis returned to the apartment. At this point, appellant took Lewis into the bathroom where he threatened her. Eventually, appellant allowed Lewis to go to the kitchen, at which time she ran from the house to flag down a passing police car. Appellant was found guilty of the lesser included offense of false imprisonment, though the general verdict did not specify whether the victim was Lewis or Henderson.
On appeal, it is argued that the jury was improperly allowed to convict appellant on less than a unanimous verdict. According to appellant, some jurors may have believed that appellant falsely imprisoned Henderson, while others may have believed that Lewis was the victim. By permitting a guilty verdict as long as the entire jury believed that appellant falsely imprisoned either Henderson or Lewis, the jury was allowed to overlook their own substantial disagreement as to the sufficiency of the evidence.
We agree with the appellant that the information is flawed as drafted, but we find that the error was waived by appellant's failure to move for dismissal. At the outset, we emphasize that nothing in this opinion should be construed as a finding on our part that this manner of drafting a charging document constitutes acceptable practice.
As a general rule, the charging of multiple offenses in a single count of an indictment or information  i.e., duplicity  is among the many defects that may be waived by failure to present a timely objection. See 14A Fla.Jur.2d, Criminal Law, § 1239. However, an exception exists in those instances where one count charges two separate and distinct offenses that may be subject to different punishments; in such cases, the error may be deemed fundamental and may be asserted for the first time on appeal. See McGahagin v. State, 17 Fla. 665 (1880) (duplicity was not waived by the defendant's failure to timely challenge the indictment where, in a single count, the defendant was charged with "injuring" and "disfiguring" an ox, which acts constituted distinct offenses punishable under separate statutes); Bashans v. State, 388 So.2d 1303 (Fla. 1st DCA 1980) (duplicity constituted fundamental error where a single count charged felonies of different degrees); 12 Fla.Law and Practice, Indictments, Informations and Presentments, § 42 (1960). The exception does not apply where a single count alleges alternative *574 means of committing the same offense; in such instances the defendant's failure to challenge the charging document will constitute waiver. See Irvin v. State, 52 Fla. 51, 41 So. 785 (1906) (duplicity defect waived where count alleged alternative means of committing the same offense of keeping gaming equipment).
In the instant case, no single count of the information charged separate and distinct crimes subject to different punishments. Rather, the count in question only charged alternative means of committing the offense of armed kidnapping. Consequently, fundamental error was not involved, and the appellant must be deemed to have waived his challenge to the information by failing to timely move for dismissal.[1]
Accordingly, the case is remanded for correction of the judgment to reflect a third degree felony for aggravated assault. In all other respects, we affirm.
BOOTH and MINER, JJ., concur.
ALLEN, J., concurs and dissents in part.
ALLEN, Judge, concurring in part and dissenting in part.
Although I agree that this case must be remanded for correction of the judgment to reflect that aggravated assault is a third degree felony, I would also reverse the conviction for false imprisonment. In my view, Bashans v. State, 388 So.2d 1303 (Fla. 1st DCA 1980), requires reversal of the false imprisonment conviction. Bashans holds that fundamental error is committed when a conviction is based upon a general verdict finding a defendant guilty of a single count which disjunctively alleges the commission of two separate offenses. This is precisely the situation present in this case wherein Fountain was charged with committing either the armed kidnapping of Joyce Lewis or the armed kidnapping of James Henderson and was found guilty by general verdict of the lesser-included offense of false imprisonment.
It was not material to the holding in Bashans that the crimes alleged involved differing potential penalties because the sentence actually imposed there was within the range of penalties authorized for either crime. Rather, as the Bashans court explained, fundamental error was present because it was impossible to tell of which crime the jury had found Bashans guilty. Likewise, it is impossible to tell here whether the jury found Fountain guilty of the false imprisonment of Lewis or the false imprisonment of Henderson.
Finally, Bashans cannot be distinguished from the present case by saying that Bashans involved a charging document alleging two separate crimes in a single count whereas the present case merely involves a count which alleges "alternative means of committing the offense of armed kidnapping." Because the crimes alleged here involve different victims, each crime against a different victim constitutes a separate criminal offense. *575 See, e.g., Rose v. State, 507 So.2d 630, 631 (Fla. 5th DCA 1987) (collecting cases); see also Brown v. State, 413 So.2d 1273 (Fla. 1st DCA 1982), approved, Brown v. State, 430 So.2d 446 (Fla. 1983).
NOTES
[1] We disagree with appellant's contention that our opinion in Owens v. State, 593 So.2d 1113 (Fla. 1st DCA 1992), requires us to find fundamental error and reverse and remand for a new trial. In Owens, a single count charged the defendant with official misconduct under either of the two statutory subsections defining the offense. Unbeknownst to the parties at trial, the supreme court had previously held one of the subsections unconstitutionally vague. A general verdict of guilty was returned, making it impossible to determine whether the defendant was found guilty of violating the valid portion of the statute, or the portion that had been invalidated. In remanding the case for a new trial, we noted that this was not one of those instances in which a single crime could be committed in alternative ways and the charging document merely alleged alternative acts, any one of which could support a guilty verdict. The supreme court's invalidation of a portion of the statute left only one way in which the charged offense could be committed. Id. at 1116, n. 3. In short, Owens did not alter the rule stated above so that, henceforth, fundamental error could be found whenever a charging document alleged alternative means of committing the same offense. As the court stated, no such alternative means were available in Owens.

Far from expanding the application of fundamental error, Owens must be viewed as a typical, though perhaps extreme, instance of fundamental error. In the typical fundamental error case, the duplicity in the charging document makes it impossible to determine the offense for which the defendant was found guilty. In Owens, the duplicity, coupled with the invalidity of a portion of the statute, made it impossible to determine whether the defendant was found guilty of any offense at all.