807 So.2d 817 (2002)
Loic GADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2976.
District Court of Appeal of Florida, Fourth District.
February 27, 2002.
Loic Gadson, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the order summarily denying Appellant's amended rule 3.850 motion, in which he claimed that the trial court and counsel failed to advise Appellant of the maximum possible sentence he was facing. Although Appellant filed a previous post-conviction motion, the present underlying motion is not impermissibly successive because: the prior motion was filed under rule 3.170; the motion was not explicitly treated by the circuit court as a 3.850 motion; Appellant was not given the opportunity to amend the 3.170 motion as a 3.850 motion; and the state represented that treating that motion as a 3.850 motion would not procedurally bar a later 3.850 motion.
As to the merits of the underlying motion, Appellant claims he was not advised of the maximum possible sentence, and he would not have entered the plea had he known of the maximum possible sentence. This claim is facially sufficient, see Rodriguez v. State, 645 So.2d 1124 (Fla. 3d DCA 1994), and Byrd v. State, 643 So.2d 1209 (Fla. 1st DCA 1994), and the record portions relied upon by the circuit court do not conclusively refute that claim.
*818 The order denying the motion, therefore, is reversed and the case is remanded for an evidentiary hearing or for attachment of additional record excerpts that conclusively refute Appellant's claim.
STONE, WARNER, and FARMER, JJ., concur.