819 So.2d 883 (2002)
Burtrum KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4208.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan Odzer Hugentugler, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, J.
Convicted of resisting arrest with violence and battery on a law enforcement officer, appellant argues for the first time on appeal that the convictions were based upon a fundamentally flawed information, which named two officer victims in each count, thus creating due process problems. We disagree and affirm.
With respect to the count for resisting arrest, in Wallace v. State, 724 So.2d 1176, 1181 (Fla.1998), the supreme court held that a defendant's continuous violent resistance of multiple officers constitutes only one instance of resisting. Therefore, naming more than one officer in that count was not in error, as appellant could be convicted of only one count of resisting arising from his confrontation with either or both officers. It would have been error to charge him with resisting each officer individually.
*884 With respect to the count for battery on a law enforcement officer, which also named two officer victims, appellant failed to move to dismiss the information based upon that defect and therefore waived the defect. See Fountain v. State, 623 So.2d 572, 573-74 (Fla. 1st DCA 1993) (noting that information charging kidnapping of "Joyce Lewis or James Henderson" was flawed, but holding error was waived by failing to move to dismiss information). Despite appellant's suggestion, the error is not fundamental. Unlike Bashans v. State, 388 So.2d 1303, 1304-05 (Fla. 1st DCA 1980), relied on by appellant, where the information alleged two distinct crimes carrying two different punishments, appellant's battery on either officer would carry identical punishment. By naming both victims in the same count, appellant could be convicted of, and sentenced for, only one count of battery on a police officer. The error in naming multiple victims has not exposed him to greater punishment but actually reduced his exposure. In addition, he faces no danger of a successive prosecution for battery on either officer.
Affirmed.
SHAHOOD and HAZOURI, JJ., concur.