884 So.2d 276 (2004)
Brent Michael THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4659.
District Court of Appeal of Florida, Second District.
August 13, 2004.
*277 James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Brent Michael Thornton appeals a judgment convicting him of sexual battery on a child under twelve years of age. He was sentenced to life imprisonment and deemed a sexual predator. The victim is Thornton's daughter, who was between the ages of six and nine when the events occurred. On appeal, Thornton argues that the trial court erred in denying his motion for judgment of acquittal because the State presented no evidence of vaginal penetration. He also alleges that the trial court erred in admitting prejudicial collateral act evidence. We reverse based on the first issue and thus need not reach Thornton's second claim.
Section 794.011(1)(h), Florida Statutes (2000), defines "sexual battery" as:
oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object....
In Richards v. State, 738 So.2d 415, 416 (Fla. 2d DCA 1999), we set forth the elements necessary to sustain a conviction for sexual battery as compared to a lewd and lascivious act:
[S]exual battery can occur when the defendant's mouth has "union" with the victim's "sexual organ," but the defendant's finger must actually "penetrate" the vagina. If the defendant's finger does not penetrate the vagina, but only touches the vulva, the crime would appear to be a lewd and lascivious act.
The victim here testified that Thornton touched her on her private parts. When asked whether Thornton ever "put his finger inside of [her] private area," she responded, "Not that I think of it." Because "penetration requires some entry into the [vagina], however slight," id. at 418, the State in this case presented insufficient evidence to meet its required burden. See also Seagrave v. State, 802 So.2d 281, 287 n. 7 (Fla.2001); Peters v. State, 861 So.2d 1236, 1237 (Fla. 2d DCA 2003). Therefore, Thornton's conviction for capital sexual battery must be reversed. See, e.g., Ready v. State, 636 So.2d 67, 68 (Fla. 2d DCA 1994); Stidham v. State, 567 So.2d 14, 15 (Fla. 2d DCA 1990); Jaggers v. State, 536 So.2d 321, 330 (Fla. 2d DCA 1988). Because there was sufficient evidence to support a conviction pursuant to section 784.03(1)(a), Florida Statutes (2001), for the necessary lesser included offense of battery, we direct the trial court on remand to enter a conviction for that offense and to resentence Thornton accordingly.[1]
We note that although there was insufficient evidence to support a capital sexual battery conviction, there was ample evidence to support a conviction for lewd and lascivious molestation.[2]See *278 § 800.04(5), Fla. Stat. (2000). The victim testified that her father inappropriately touched her, and Thornton admitted the touching occurred. Moreover, Thornton acknowledged that he was sexually stimulated by the contact. Had the State appropriately charged Thornton with lewd and lascivious molestation, we would today be affirming his conviction of that offense.
Reversed and remanded with directions.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Section 924.34, Florida Statutes (2000), allows this court to order the trial court to enter a directed verdict for a lesser included offense if the evidence presented at trial does not support the crime the defendant was convicted of yet does establish guilt of the lesser offense. See also Bledsoe v. State, 764 So.2d 927, 928 (Fla. 2d DCA 2000).
[2] We cannot order the trial court to direct a verdict for lewd and lascivious molestation because it is not a permissive lesser included offense of capital sexual battery. See Welsh v. State, 850 So.2d 467, 468 (Fla.2003).