SHARP, W, J.
Haddaway appeals from a judgment and sentence for having committed the crime of prostitution pursuant to section 796.07(2)(e) and (4)(c), Florida Statutes (2003). She argues on appeal that the trial judge should have directed a judgment of acquittal, because the state neglected to establish evidence of any exchange of money or any agreement between Haddaway and her companion in a parked car to perform a sex act for money. We agree and reverse.
The evidence at trial established, almost, a solid case against Haddaway, a career prostitute.[1] The only witness presented by the state at trial was Officer Harrison, from the Orange County Sheriffs Office. He testified he observed Haddaway walking back and forth across 18th Street on South Orange Blossom Trail (an area well known for prostitution and narcotics). He observed her approaching a car that stopped at a stop sign, talking to the driver, and entering the passenger’s side of the car.
Officer Harrison followed the car to where it parked on the shoulder of the road, a block away. He and his partner observed Haddaway beginning to perform the act of fellatio on the driver and pulled their police car directly beside the stopped car where that activity was conclusively confirmed.
Whether Haddaway received a financial profit for engaging in sexual activity was not established. Apparently Haddaway was paid and the state could have established this, had it called the driver to testify. According to the police report, the driver admitted to the officers he had paid Haddaway and he gave them a sworn written statement to that effect. Further, he was listed on the state’s witness list. But the state did not call him to testify, it did not seek to introduce his sworn statement or the police report in evidence, and it did not ask Officer Harrison about the driver’s statements or whether after arrest Hadda-way had money on her person. In short, the state proved sex, but not sex for money.
Section 796.07 makes prostitution a crime in Florida, but it defines it as:
(1) As used in this section:
(a) “Prostitution” means the giving or receiving of the body for sexual activity for hire....
The exchange of money or some sort of financial consideration is one of the core elements of this crime. In closing argument, the prosecutor told the jurors the judge would instruct them there did not need to be an exchange of money in order to convict Haddaway. And the jury instructions given in this case defined prostitution as “the giving or receiving of the body for sexual intercourse for hire, which includes the giving or receiving of the body for licentious intercourse without hire.” However, this language comes from an earlier definition of prostitution, which was deleted in 1986 when the Legislature extensively revised section 796.07. This section, as revised, does not prohibit consenting adults from engaging in sex. See Roe v. Butterworth, 958 F.Supp. 1569 (S.D.Fla.), affirmed, 129 F.3d 1221 (11th Cir.1997), cert. denied, 523 U.S. 1024, 118 S.Ct. 1309, 140 L.Ed.2d 473 (1998).
*633 The state argues, on appeal, that it presented sufficient evidence to permit the jury to infer money changed hands because Haddaway’s conduct was consistent with the conduct of prostitutes, which is well known to the police officer who testified. Whether we could accept such an argument in another case, it is not appropriate here because the jury was improperly instructed on this key element of the crime and the prosecutor emphasized this misstatement of the law in closing argument.
We conclude that after the 1986 revision of section 796.07, payment for sex is a core element of the crime, and it must be established with competent evidence, beyond a reasonable doubt. See, e.g., Thornton v. State, 884 So.2d 276 (Fla. 2d DCA 2004); Hill v. State, 830 So.2d 876 (Fla. 5th DCA 2002).
Since there was no direct or indirect evidence that Haddaway was paid for performing sexual activities, her conviction cannot stand. Accordingly, we reverse and remand for discharge.
REVERSED and REMANDED.
GRIFFIN and THOMPSON JJ., concur.

. The state charged that Haddaway had prior convictions for prostitution from March 22, 2001 and April 1, 2002, which were not disputed by the defense. The police report noted Haddaway has been arrested numerous times for prostitution and that her street name is "Georgia.”