908 So.2d 1114 (2005)
Robert Nuijent GRESHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3320.
District Court of Appeal of Florida, First District.
July 20, 2005.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Robert Gresham, appeals his conviction for two counts of sexual battery on a child and one count of lewd or lascivious molestation. He contends the trial court erred in: (1) denying his motion to dismiss Counts I and II, because the state had improperly charged him with two offenses in each count; (2) denying his request for a jury instruction on lewd or lascivious molestation as a lesser included offense of sexual battery; (3) allowing the state to publish portions of a videotape of a movie at trial; and (4) denying his motion to suppress statements to law enforcement based upon inadequate Miranda warnings. We affirm all issues and address specifically the first two.
*1115 We review de novo the trial court's order denying Gresham's motion to dismiss the amended information. See Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003). The state charged Gresham in Count I with committing sexual battery on March 13, 2003, "by causing his tongue and/or finger to unite with or penetrate the vagina of R.C., contrary to section 794.011(2)(a), Florida Statutes"; and in Count II with committing sexual battery between July 1, 2002, and March 12, 2003, "by causing his tongue and/or finger to unite with or penetrate the vagina of R.C., contrary to section 794.011(2)(a), Florida Statutes." Gresham contends the trial court erred in not dismissing Counts I and II, because each count alleged both sexual battery and lewd and lascivious molestation, which was fatally defective under Bashans v. State, 388 So.2d 1303 (Fla. 1st DCA 1980). We cannot agree.
In Bashans, one count of the indictment charged the defendant with violating two different provisions in the sexual-battery statute, making it impossible to determine from the verdict of guilt which offense the jury had convicted him of committing. In contrast, the allegations against Gresham in Counts I and II charge the single capital offense of sexual battery using language that tracks almost identically the definition of "sexual battery" in section 794.011(1)(h). See Chicone v. State, 684 So.2d 736, 744 (Fla.1996) (observing that "it will be the rare instance that an information tracking the language of the statute defining the crime will be found to be insufficient to put the accused on notice of the misconduct charged."). The principle stated in Bashans does not preclude the charged offense of sexual battery from encompassing lesser included offenses under section 800.04, Florida Statutes. Bashans, 388 So.2d at 1305 n. 1 (quoting McGahagin v. State, 17 Fla. 665 (1880)).
Appellant's next issue is that the trial court erred by failing to give a proper jury instruction, which we review by the de novo standard. Beckham v. State, 884 So.2d 969 (Fla. 1st DCA), rev. den., 891 So.2d 553 (Fla.2004). Although the question of whether lewd or lascivious molestation is a permissive lesser included offense of sexual battery has not, to our knowledge, been yet decided by any Florida court, we decline to address it because Gresham failed to preserve it for appellate review.
Until October 1, 1999, section 800.04, Florida Statutes, provided that the perpetration of various indecent acts "without committing the crime of sexual battery" constituted lewd or lascivious assault. As a result, the courts held that lewd or lascivious assault was not a lesser included offense of sexual battery, because commission of the former offense expressly excluded commission of the latter. See Welsh v. State, 850 So.2d 467 (Fla.2003), noting that the statute had been "substantially amended" in 1999, and no longer contains the phrase, "without committing the crime of sexual battery," but because the conduct at issue occurred before the effective date of the amendment, the court refused to address the effect of the amendment. Id. at 471 n. 5.
At the charge conference in the case at bar, Gresham requested an instruction on "lewd and lascivious" as a lesser included offense, and counsel and the judge repeatedly used the term "lewd and lascivious," without distinguishing between the four kinds of lewd or lascivious conduct prohibited in different subsections of section 800.04.[1] A request for an instruction *1116 must be specific to preserve for appellate review the failure to give the instruction requested. See Walls v. State, 641 So.2d 381, 387 (Fla.1994); Fla. R.Crim. P. 3.390(d); Rivers v. State, 307 So.2d 826 (Fla. 1st DCA 1975)(holding that the trial court did not err in refusing to instruct the jury on trespass as a lesser included offense of breaking and entering, because appellant failed to advise the court which of the numerous trespass statutes he considered to be lesser included to the offense charged).
AFFIRMED.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] See § 800.04(4) (lewd or lascivious battery); § 800.04(5) (lewd or lascivious molestation); § 800.04(6) (lewd or lascivious conduct); § 800.04(7) (lewd or lascivious exhibition).