922 So.2d 418 (2006)
Jackie Cornelius WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3336.
District Court of Appeal of Florida, Second District.
March 10, 2006.
*419 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The State charged that Jackie Williams committed sexual battery on a person twelve years of age or older but less than sixteen years of age and that he used or threatened to use a deadly weapon or used actual physical force likely to cause serious personal injury. § 794.011(3), Fla. Stat. (2002). During the charge conference at Williams's trial, the State sought an instruction that lewd or lascivious battery, § 800.04(4), Fla. Stat. (2002), was a lesser included offense of the sexual battery charge. The court gave the instruction over Williams's objection. The jury convicted him of lewd or lascivious battery. He seeks a new trial, claiming that the court erred by instructing on a crime that is neither a necessary nor a permissive lesser included offense of the charged *420 crime. We affirm but certify a question of great public importance.
For many years it has been the law in Florida that lewd and lascivious crimes are not lesser included offenses of a sexual battery charge. See State v. Hightower, 509 So.2d 1078, 1079 (Fla.1987) (stating that lewd and lascivious conduct was not a necessarily included lesser offense of capital sexual battery); see also Welsh v. State, 850 So.2d 467, 468 (Fla. 2003) (holding that lewd and lascivious conduct was not a permissive lesser included offense of capital sexual battery). But the reasoning in this line of cases was based on specific language in previous versions of the law defining lewd and lascivious crimes which stated: "A person who. . . (3)[c]ommits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years . . . without committing the crime of sexual battery, commits a felony of the second degree. . . ." See, e.g., § 800.04(3), Fla. Stat. (1997) (emphasis supplied). As the Hightower court explained, this "unique language" in section 800.04 made it clear that lewd and lascivious crimes and the crime of sexual battery were mutually exclusive. Hightower, 509 So.2d at 1079; see also Welsh, 850 So.2d at 470.
In 1999, the Legislature amended section 800.04. It no longer contains the "unique language" that guided the Hightower court's reasoning. The 2002 version of section 800.04(4), which applies to this case, states:
(4) A person who:
(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or
(b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity
commits lewd or lascivious battery, a felony of the second degree . . . .
The Welsh court noted that these 1999 amendments, which were not at issue in Welsh's trial, eliminated "the cross-reference to section 794.011(1)(h) and the language `without committing the crime of sexual battery.'" The court expressed no opinion about the effect of these statutory changes on the issue of whether section 800.04 crimes could be lesser included offenses of sexual battery. Welsh, 850 So.2d at 471 n. 5. But it emphasized that its holding that lewd and lascivious crimes could not be permissive lesser included offenses of sexual battery crimes pertained "only to the 1997 versions of the applicable statutes." Id. at 470-71.
We now have squarely before us the issue not presented in Welsh: whether under the amended version of section 800.04, lewd or lascivious battery may be a permissive lesser included offense to a sexual battery charge.[1] We believe that Hightower and Welsh support a conclusion that, in the proper circumstance, it can be. The Hightower court observed that, absent the "unique language" present in the pre-1999 versions of section 800.04, "a person having forcible sexual intercourse with a person under sixteen would be guilty of both" sexual battery and lewd and lascivious conduct.[2] 509 So.2d at 1079. In Welsh, the supreme court affirmed the First District's determination that lewd *421 and lascivious conduct was not a permissive lesser included offense of sexual battery based on the two-part test set forth in Brown v. State, 206 So.2d 377, 383 (Fla. 1968). 850 So.2d at 470 (quoting and approving Welsh v. State, 816 So.2d 175, 176 (Fla. 1st DCA 2002)). Under the Brown test, the first of the two factors analyzed is whether the information specifically alleged all the statutory elements of the lesser offense. 206 So.2d at 383. The First District in Welsh held:
By operation of law, the information in the present case charging capital sexual battery could not also allege all of the statutory elements of lewd and lascivious conduct. . . .
In defining the offense of a lewd and lascivious act, section 800.04, Florida Statutes (1997), has, by specifically excluding sexual battery as a means of perpetrating such act, removed sexual battery as an element involved in the commission of a lewd and lascivious act. . . .
850 So.2d at 470 (quoting Welsh, 816 So.2d at 176). The Florida Supreme Court approved the First District's reasoning. Welsh, 850 So.2d at 470.
Now, however, section 800.04 does not exclude sexual battery as a means of perpetrating a lewd or lascivious crime, so it no longer fails the first of the Brown tests as a matter of law. In fact, the present definition of "sexual activity" for purposes of section 800.04 crimes is virtually identical to the definition of "sexual battery" for crimes under section 794.011, indicating that both are intended to prohibit the same basic conduct. Compare § 800.04(1)(a), Fla. Stat. (2002), with § 794.011(1)(h), Fla. Stat. (2002) (both including, in relevant part, "oral, anal, or vaginal penetration by, or union with, the sexual organ of another").
Because sexual battery is no longer excluded as a means of perpetrating a lewd or lascivious crime, we examine the information charging Williams to determine whether it specifically alleged the statutory elements of lewd or lascivious battery. See Welsh, 850 So.2d at 470; Brown, 206 So.2d at 383. Indeed, it did; the information charged that Williams put his penis inside, or in union with, the vagina of a person twelve years or age or older but less than sixteen years of age. See § 800.04(4), Fla. Stat. (2002).
Accordingly, we turn to the second prong of the Brown test: whether the evidence presented at trial would support a conviction for the lesser offense. 206 So.2d at 383. At Williams's trial, the victim testified that she was fifteen years old at the time of the incident. Williams himself testified that he had consensual sexual intercourse with her. Thus, the evidence, as well as the allegations of the information, supported the instruction on the permissive lesser included offense of lewd or lascivious battery. Therefore, we hold that the trial court did not err in giving the instruction, and we affirm.[3]
Issues concerning the 1999 amendments to section 800.04 seem to be arising with some frequency. See, e.g., Robinson v. State, 919 So.2d 623 (Fla. 2d DCA 2006) *422 (holding that defendant could not be convicted of both sexual battery and lewd or lascivious battery based on the same conduct; the State argued that the 1999 amendments to section 800.04 permitted that result); Gresham v. State, 908 So.2d 1114, 1115 (Fla. 1st DCA 2005) (discussing Welsh and the 1999 amendments to section 800.04 in the context of a requested jury instruction, but not reaching the issue because the defendant failed to preserve it). For this reason, we certify that our decision in this case passes on the following question of great public importance:[4]
MAY THE CRIME OF LEWD OR LASCIVIOUS BATTERY PROHIBITED BY SECTION 800.04(4), FLORIDA STATUTES (2002), BE A PERMISSIVE LESSER INCLUDED OFFENSE OF THE CRIME OF SEXUAL BATTERY CHARGED PURSUANT TO SECTION 794.011(3), FLORIDA STATUTES (2002)?
Affirmed; question certified.
SALCINES, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] The State's argument in support of the instruction given in this case is based solely on the premise that lewd or lascivious battery is a permissive lesser included offense of sexual battery. Accordingly, we will not address whether it might be a necessary lesser included offense.
[2] The Hightower court explained in a footnote, however, that only one conviction could be obtained for the same conduct. 509 So.2d at 1079 n. 4.
[3] We recognize that dicta in a footnote in Thornton v. State, 884 So.2d 276, 277 n. 2 (Fla. 2d DCA 2004), may seem in conflict with our holding. The footnote states that lewd and lascivious molestation is not a permissive lesser included offense of capital sexual battery, citing Welsh, 850 So.2d at 468. Although it is not completely clear, Thornton appears to address crimes under the 2000 version of the Florida Statutes. If that is the case, the citation to Welsh does not support the proposition, because Welsh applied only to the 1997 version of the statutes. If Thornton involved crimes committed before the 1999 amendments to section 800.04, its reasoning does not affect this case.
[4] Art. V, § 3(b)(4), Fla. Const.