GRIFFIN, J.
Upon consideration of appellant’s response to this court’s order to show cause dated January 9, 2006, the court has determined that the order below was entered without jurisdiction and must be vacated, rendering the appeal moot.
According to appellant’s recitation of the facts, which appear to be confirmed by the documents from the court file below that have been provided, appellant filed a “Motion for Judicial Enforcement of Plea Agreement” on October 27, 2005. The trial court denied the motion on November 1, ruling that the appellant’s new evidence claim should have been raised in a 3.850 motion, which would have been time barred. Appellant filed his Notice of Appeal of this order on November 18, 2005, and it was assigned Case No. 5D05-4044 in this court. Thereafter, on November 28, 2005, according to appellant, the trial court, on its own motion, revisited the previously denied Motion for Judicial Enforcement of Plea Agreement, construed it as a timely filed Rule 3.850 motion and denied it on its merits. It appears from the face of the second order entered by the trial court that the court believed that the motion on which it was acting was a subsequent motion for “Judicial Enforcement of Plea Agreement”, not the same motion, but the court appears to have been mistaken.
The appellant timely appealed this order on December 8, 2005, and we assigned it Case No. 5D05-4401. It appears, therefore, that the trial court has acted twice on the same motion and because the first order entered on the motion was on appeal at the time the second order was entered, the trial court lacked jurisdiction to enter the second order. Accordingly, the second order must be vacated.
We vacate the order dated November 29, 2005, on the Appellant’s Motion for Judicial Enforcement of Plea Agreement, and we dismiss appeal 5D05-4401 as moot. The appeal in 5D05-4044 shall proceed.
ORDER VACATED; APPEAL DISMISSED.
SAWAYA and LAWSON, JJ., concur.