948 So.2d 820 (2007)
Malcolm HOSWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4222.
District Court of Appeal of Florida, Fourth District.
January 17, 2007.
Rehearing Denied March 9, 2007.
Malcolm Hoswell, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant *821 Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Malcolm Hoswell appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion which the trial court consolidated and denied along with a rule 3.800(a) motion. In all, the motions raised twenty-eight claims in more than 181 pages of written text. We have carefully reviewed all of appellant's claims and find that only one is legally sufficient and not conclusively refuted by the record.
Appellant claimed that counsel failed to inform him before trial that he could be subjected to enhanced sentencing as a habitual offender if convicted. The record reflects that the state did not serve a notice of intent to seek enhanced penalties until after the completion of the guilt phase of the jury trial but before sentencing. Appellant alleged in his sworn motion that he would have accepted a 55-month plea offer, which was made by the state before trial, if counsel had advised him correctly about the maximum penalty he faced. Appellant was ultimately sentenced as a habitual violent felony offender. In its response, the state below did not address this argument and did not attach record evidence to refute the claim.
Appellant's claim was legally sufficient. See Cottle v. State, 733 So.2d 963 (Fla.1999); Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999); Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997). The claim was not conclusively refuted by record attachments and we, therefore, reverse and remand for an evidentiary hearing on this claim only. To establish an entitlement to relief, appellant is subject to a "strict standard of proof" and must prove that "`counsel failed to [adequately] communicate a plea offer . . ., that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence.'" Cottle, 733 So.2d at 969 (quoting Young v. State, 608 So.2d 111, 113 (Fla. 5th DCA 1992)).
As to appellant's claims regarding the listing of aggravated battery on a law enforcement officer (LEO) as a lesser offense of attempted second degree murder, we affirm based on Sanders v. State, 944 So.2d 203 (Fla.2006). The aggravated battery on a LEO was properly listed as a lesser-included offense, and the fact that this offense could result in the same penalty as the charged offense does not constitute fundamental error. Id. None of appellant's sundry claims, which revolve around this issue, have any merit. Although a special verdict form was not used, the jury's verdict reflects a clear finding that appellant committed every element of aggravated assault on a LEO permitting reclassification under section 784.07(2)(c), Florida Statutes. See State v. Iseley, 944 So.2d 227 (Fla.2006).
SHAHOOD, GROSS and MAY, JJ., concur.