PER CURIAM.
 

 Appellant, Cal Haynes, appeals a trial court order summarily denying all three grounds of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s summary denial of grounds one and three without further discussion, but reverse and remand the trial court’s summary denial of ground two.
 

 In ground two, Haynes argued ineffective assistance of trial counsel arising from counsel advising him to reject a plea offer by the State of four years imprisonment, based on erroneous advice of counsel that the victim’s failure to appear for trial within the time for speedy trial could result in dismissal of the prosecution against him for aggravated battery. Haynes rejected the plea offer. He later entered into an open, no contest plea and was sentenced to fifteen years imprisonment. The trial court summarily rejected this claim as successive because Haynes previously filed a
 
 *727
 
 motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170 in which he alleged that he was misled as to the possible sentence he would receive, and coerced into entering the open plea.
 

 The trial court held an evidentiary hearing on the rule 3.170 motion, at which Haynes testified that his counsel advised him to enter the open plea after the victim appeared for trial and that he did not want to do that. He said he was surprised that the victim appeared for trial. The trial court denied relief after that hearing, and this Court affirmed per curiam in
 
 Haynes v. State,
 
 974 So.2d 1079 (Fla. 4th DCA 2008). The rule 3.170 motion did not contain the same claim Haynes presented in ground two of his rule 3.850 motion. The denial of Haynes’s rule 3.170 motion, and this Court’s affirmance of that denial, does not preclude relief now.
 
 See generally Gadson v. State,
 
 807 So.2d 817 (Fla. 4th DCA 2002).
 

 Haynes asserts that but for the misad-vice of counsel, he would have accepted the State’s plea offer of four years. If true, this is a viable claim for ineffective assistance of counsel.
 
 See Hoswell v. State,
 
 948 So.2d 820, 821 (Fla. 4th DCA 2007) (citing
 
 Cottle v. State,
 
 733 So.2d 963 (Fla.1999)). Haynes’s claim is not refuted by the record before this Court.
 

 Therefore, we reverse and remand the trial court’s summary denial of ground two for either an evidentiary hearing or record attachments that refute the claim.
 

 Reversed and Remanded.
 

 HAZOURI, MAY and CIKLIN, JJ„ concur.