ON SECOND MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC
 

 PER CURIAM.
 

 Following an evidentiary hearing on the single claim required by this court’s remand, the trial court denied Appellant’s postconviction motion. We affirmed that decision. Appellant moved for rehearing which was denied. The Appellant’s second motion for rehearing and motion for rehearing
 
 en banc
 
 is stricken as unauthorized. Appellant has again attempted to raise a meritless claim regarding his conviction for aggravated assault on a law enforcement officer (LEO) which has repeatedly been reviewed and rejected. The claim was rejected in the opinion in
 
 Hoswell v. State,
 
 948 So.2d 820 (Fla. 4th DCA 2007). Appellant’s argument is beyond the scope of our remand and this appeal.
 

 Appellant’s subsequent attempts at arguing variants of the same claim are an abuse of procedure. Appellant persists in arguing that the information was duplicitous because the State charged the elements of aggravated assault on a LEO, a permissive lesser offense, within the same count charging attempted second-degree murder of the same officer for the same acts. An information is not duplicitous because it charges the elements of a permissive lesser-included offense within the same count as the greater offense. Appellant has raised this and other variations of this claim in his motion and in several petitions filed in this court. The claim was reviewed and denied, and this court issued an order expressly prohibiting Appellant from rearguing claims previously rejected.
 

 The purported defect in the information cannot be raised in a postconviction motion. Fla. R.Crim. P. 3.140(o).
 
 See Channell v. State,
 
 107 So.2d 284, 289 (Fla. 2d DCA 1958) (citing
 
 Irvin v. State,
 
 52 Fla. 51, 41 So. 785 (1906), and holding that failure to object to duplicity in information before jury enters verdict forever waives the issue).
 

 Fountain v. State,
 
 623 So.2d 572, 573 (Fla. 1st DCA 1993), notes an exception to this general rule which does not apply here. The exception discussed in
 
 Fountain
 
 permits a claim of duplicity to be raised as fundamental error for the first time on appeal despite the lack of preservation under limited circumstances. The exception has been found to apply where a single count charges two separate and distinct offenses subject to different punishments and where the jury returns a general verdict so that it is impossible to identify the offense that the jury found was proven.
 
 Basham v. State,
 
 388 So.2d 1303, 1305 (Fla. 1st DCA 1980).
 
 [1]
 

 
 *73
 
 The jury in this case returned a unanimous verdict specifically finding that Appellant was not guilty of the greater offense but that the State had proven the lesser offense beyond a reasonable doubt. There is no question what offense the jury found was proven. Appellant was clearly on notice of the allegations against him. He suffered no prejudice from the charging of the elements of the permissive lesser within the same count as the greater offense.
 
 See Knight v. State,
 
 819 So.2d 883 (Fla. 4th DCA 2002) (holding that any error in an information charging battery on a LEO which listed two officers in one count was waived by failure to object and defendant was not prejudiced).
 

 Through the course of his postconviction filings, Appellant has attempted to frame this issue as ineffective assistance of counsel for failure to object to the way this offense was charged. He cannot, however, show prejudice to merit postconviction relief because, even assuming the charge was defective, the error could have been corrected if counsel had objected. No reasonable probability exists that the verdict would have differed if these offenses had been charged separately. As we have repeatedly ruled, Appellant is not entitled to postconviction relief on this claim.
 

 This court has repeatedly cautioned Appellant against repetitive filing in case numbers: 4D07-1692, 4D06-4190, 4D05-1624, and 4D04-3866. In ease number 4D08A1875, this court prohibited Appellant from further pro se filings attacking his convictions in the underlying case on the same grounds previously rejected by this court. Notwithstanding this express prohibition, Appellant has again attempted to reargue the same issue in this unautho-nzed motion. This issue has been decided and is beyond the scope of this appeal.
 

 Appellant’s abusive postconviction filings, appeals, and motions are interfering with this court’s ability to consider legitimate claims. Based upon the foregoing, we are separately issuing a
 
 Spencer
 
 order requiring Appellant to show cause why this court should not impose the sanction of no longer accepting his
 
 pro se
 
 filings relating to or arising out of his criminal convictions.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 Furthermore, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2009); § 944.28(2)(a), Fla. Stat. (2009).
 

 WARNER, TAYLOR and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Although an error may be fundamental so that it may be raised for the first time on
 
 *73
 
 appeal despite the lack of objection, this does not mean that the error may be corrected at any time in a postconviction motion.
 
 Haliburton v. State,
 
 7 So.3d 601 (Fla. 4th DCA 2009) (explaining that not all errors that have been termed "fundamental” in the caselaw are errors which can be raised at anytime).