691 So.2d 609 (1997)
STATE of Florida, Appellant/Cross-Appellee,
v.
Kenneth GENERAZIO, Appellee/Cross-Appellant.
Nos. 94-2060, 94-2296.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellant/cross-appellee.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellee/cross-appellant
DELL, Judge.
The state charged appellee with five counts of sexual offenses against a minor. After two mistrials, a jury acquitted appellee on Count II and found him guilty as charged on *610 Counts I, III, IV and V. The trial court granted appellee's post-verdict motion to dismiss Counts I through IV, and the state appeals. Appellee appeals his conviction and the sentence rendered on Count V of the information. We reverse the trial court's dismissal of Counts I, III and IV. We affirm appellee's conviction of Count V but reverse the departure sentence rendered by the trial court.
The information charged appellant with two counts of sexual battery upon a person under the age of twelve and three counts of indecent assault upon a person under the age of sixteen. All counts involved the same victim. Counts I, II, and III alleged that the offenses occurred "on one or more occasions on or between the 28th day of February, A.D.1991 and the 8th day of November, A.D. 1991." Count I alleged that appellant committed sexual battery upon the child by causing the child to perform oral sex upon him. Count II charged that during the same time period, appellant performed oral sex upon the child. Count III charged that during the same period, appellant caused the child to rub or fondle appellant's penis. Count IV alleged that on one or more occasions between February 28, 1991 and November 7, 1991, appellant masturbated in the child's presence. Count V alleged that appellant masturbated in the presence of the child on November 8, 1991.
Before trial commenced, the trial court directed the attention of both the state and the public defender to Fountain v. State, 623 So.2d 572 (Fla. 1st DCA), rev. denied, 629 So.2d 132 (Fla.1993). The court informed them that it understood Fountain to mean that it was error for the state, in a single count, to charge two separate and distinct offenses that may be subject to different punishments. The court also stated that the error was fundamental and could be raised at any time. The state did not amend its information, and after the jury rendered its verdict, the trial court granted appellee's motion to dismiss Counts I through IV.
The trial judge erred when he applied Fountain in this case. The transcript of the hearing on the post-trial motion to dismiss demonstrates that the trial judge mistakenly concluded that the use of the phrase "on one or more occasions" necessarily and inevitably charged separate and distinct offenses in a single count:
THE COURT: ... All the State had to do was say "on one occasion between the 28th of February and the 1st of March." All they had to do was allege there was one sexual battery, that's it. Even though there may be thirty, all the State had to do was allege one.
If the State alleges one, it's single sexual battery; that is a single crime and the Information is fine.
We recognize that the trial court did not have the benefit of our opinion in State v. Dell'Orfano, 651 So.2d 1213 (Fla. 4th DCA 1995), in which this court addressed the validity of an information charging that an offense had occurred "on one or more occasions" over an extended period of time. In Dell'Orfano, we explained:
It is well settled that separate and distinct offenses may not generally be alleged in a single count of an indictment or information. McGahagin v. State, 17 Fla. 665, 668 (Fla.1880). To be legally sufficient, an information can neither be so vague or indefinite as to mislead or embarrass the accused, or subject him or her to multiple prosecution. Fla.R.Crim.Pro. 3.140(o). See also e.g. Martinez v. State, 368 So.2d 338, 339-40 (Fla.1978). The Florida Supreme Court wrote the following when this case was before it in 1993:
The present case poses two conflicting public policy concerns that the Court must reconcile. First is the strong interest in eliminating the sexual abuse of children through vigorous enforcement of child-abuse laws. We recognize that young children often are unable to remember the specific dates on which they were abused. Second is the strong interest of defendants in being apprised of the charges against them such that they can prepare an adequate defense. The latter concern has been codified to some extent in Florida Rules of Criminal Procedure 3.140(d)(3) and 3.140(o), although there is also a due-process basis for it. Art. I, § 9, Fla. Const.

*611 Dell'Orfano v. State, 616 So.2d 33, 34 [sic, 35] (Fla.1993). The supreme court articulated this position with respect to the issue of the time period utilized to frame the allegations. We think the same policy concerns apply when approaching the question of duplicity.
Dell'Orfano, 651 So.2d at 1214.
In Dell'Orfano, this court examined the approach taken by other state courts in resolving the problem of how to properly charge the offense of ongoing sexual abuse of a child. With the notable exception of New York, the courts of our sister states have recognized that child molestation is, by its very nature, a continuous course of criminality rather than a series of successive crimes. They have allowed the matter of how to charge these sensitive and difficult-to-define acts of sexual abuse to rest in the discretion of prosecutors. See, e.g., State v. Covington, 711 P.2d 1183 (Alaska App.1985) (where a victim cannot differentiate between various incidents it is harmless error to allow the state to charge multiple offenses in a single count); Baine v. State, 604 So.2d 258 (Miss. 1992) (acts of child molestation may be perpetrated in multiples, and may be charged as a continuous course of criminal conduct); State v. Little, 260 Mont. 460, 861 P.2d 154 (1993) (where a continuing course of conduct is alleged, further specificity in the time of the occurrences is not required); State v. Altgilbers, 109 N.M. 453, 786 P.2d 680 (App.1989), cert. denied, 109 N.M. 419, 785 P.2d 1038 (1990) (the charging pattern that best reconciles the community's interest in proper enforcement of the laws and the interest of the community and the defendant in fairness to the defendant may well be a charging pattern fitting between the two extremes of charging one count for the entire period of time or charging a count for every possible infraction); and State v. Petrich, 101 Wash.2d 566, 683 P.2d 173 (1984) (en banc) (whether the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion).
We conclude from our review of the foregoing cases that in a case of ongoing sexual abuse of a child, where the child is unable to remember the specific dates on which he or she was abused, the allegation that the act occurred "on one or more occasions" is not, per se, duplicitous.
Each count of this information charged only a single, ongoing offense of sexual abuse of a child. Furthermore, the evidence presented at trial showed that the sexual abuse occurred daily over more than an eight-month period. Additionally, the victim testified that he was unable to remember specifically when certain acts happened. He could only testify that the acts of abuse occurred every day. Under the facts of this case, it is apparent that the state could not narrow the time frame in which the acts of child abuse alleged in Counts I through IV occurred nor could it identify any separate acts, other than that charged in Count V. It could, however, and did identify several different types of sexual abuse, charging, for example, all acts of fellatio committed upon the child as a single course of criminal conduct. Accordingly, we hold that the trial court erred when it dismissed Counts I, III and IV on the authority of Fountain v. State.
Finally, appellee has failed to demonstrate reversible error in his conviction under Count V. See Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Esty v. State, 642 So.2d 1074 (Fla. 1994), cert. den., ___ U.S. ___, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995); Tillman v. State, 471 So.2d 32 (Fla.1985); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Fla.R.Crim.P. 3.191(i). However, the trial court erred when it departed from the sentencing guidelines. The state concedes and we agree that the first reason stated by the trial court, "abuse of a familial authority," does not apply. See Cumbie v. State, 574 So.2d 1074 (Fla.1991); Wilson v. State, 567 So.2d 425 (Fla.1990). We also hold that the record does not support the trial court's second reason for departing from the guidelines. Although the victim had emotional and mental problems, the record does not show these infirmities facilitated Generazio's conduct.
Accordingly, we affirm appellant's conviction on Count V of the information. We reverse the sentence imposed and remand for resentencing within the guidelines. We *612 reverse the trial court's dismissal of Counts I, III and IV and remand this cause with instructions to reinstate the convictions rendered by the jury and for appropriate sentencing. We need not address Count II since the jury found in favor of appellee on this count.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
KLEIN and PARIENTE, JJ., concur.