974 So.2d 616 (2008)
Winston WHITTINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3975.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
*617 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges his convictions and sentences for various sexual crimes against a child, including sexual battery, lewd or lascivious battery, lewd or lascivious molestation, false imprisonment, and simple battery. The charges arose from a multi-year course of abuse of a child victim by the appellant. He contends that the court submitted to the jury several counts which included multiple, distinct acts such that his conviction could have been based upon a non-unanimous jury verdict on those counts. He raises this issue as a fundamental error, as he did not object in the proceedings in the trial court. We affirm, as we hold that the error is not fundamental, and any objection should have been raised at trial.
Appellant sexually abused the child victim, the daughter of his girlfriend, over a period of years. When the state finally charged him with these crimes, it grouped the various types of abuse into single counts. On some counts, the victim's testimony showed multiple, indistinct acts within a certain time range. On one count of abuse by way of vaginal intercourse, the victim was able to remember several distinct acts of intercourse at different places and different times. The defense did not object to the charging of these incidents in one count or to the submission to the jury of this one count. The jury convicted the defendant as charged.
On appeal, appellant argues that because several counts submitted to the jury were each supported by more than one criminal episode, the jury verdict could be non-unanimous, resulting in a fundamental error in violation of this court's holding in Perley v. State, 947 So.2d 672 (Fla. 4th DCA 2007). We conclude that Perley is distinguishable. We hold that the issue may not be raised for the first time on appeal.
*618 We considered the issue of how charging patterns in child sexual abuse cases may result in non-unanimous verdicts in State v. Dell'Orfano, 651 So.2d 1213 (Fla. 4th DCA 1995). There, the state had charged a single criminal act in each count, but the act had occurred multiple times within the time period alleged. The trial court dismissed the information, because it concluded that charging multiple acts within one count would prevent a jury from rendering a unanimous verdict of guilt. One juror could find that the defendant committed one of the acts but not the other, while another juror may not agree and find that the defendant committed another of the alleged charges. The state argued that, instead, each count charged a single criminal act which was committed multiple times. To find a defendant guilty, each juror must find that the defendant committed the act on at least one occurrence.
We noted that most courts which had considered the issue had permitted the prosecutor discretion in the charging pattern in child sexual abuse cases. In particular, we pointed to a Washington Supreme Court decision which explained:
Multiple instances of criminal conduct with the same child victim is a frequent, if not the usual, pattern. Whether the incidents' are to be charged separately or brought as one charge is a decision within prosecutorial discretion. Many factors are weighed in making that decision, including the victim's ability to testify to specific times and places . . The criteria used to determine that only a single charge should be brought, may indicate that the election of one particular act for conviction is impractical.
Id. at 1215 (citation omitted) (quoting State v. Petrich, 101 Wash.2d 566, 683 P.2d 173, 178 (1984) (en banc)). Although acknowledging the majority view, we nevertheless held, "Where it is reasonable and possible to distinguish between specific incidents or occurrences, as it is in this case, then each should be contained in a separate count of the accusatory document." Id. at 1216.
Applying the principle in State v. Generazio, 691 So.2d 609 (Fla. 4th DCA 1997), however, we held that the prosecutor did not abuse his discretion in charging one count for each type of sexual act, where the victim had been continually abused over an eight-month period and could not remember specific dates or narrow the time period. The victim could identify several different types of sexual abuse, and the prosecutor charged all incidents of each type of sexual abuse in one count. Specifically the information charged the defendant with a type of sexual abuse "on one or more occasions" within a particular time period. We held that this charging pattern was legally sufficient.
Similarly, the prosecutor in this case charged the defendant with a different type of sexual abuse in each separate count. Some counts charged that the act occurred within a specific time frame. Others charged the specific type of sexual abuse "on one or more occasions" within a specified time range. This is the same method of charging that we approved in Generazio when a victim cannot be more specific regarding dates or events. The appellant never moved to dismiss the information or requested a bill of particulars to narrow the time gap or challenged the method of charging in any respect.
Child sexual abuse cases pose unique problems for prosecution, as our supreme court has recognized. See Dell'Orfano v. State, 616 So.2d 33, 35 (Fla. 1993). Because the state may charge a defendant in child sexual abuse cases in a manner not permitted in other types of criminal cases, expanding time periods for the commission of offenses and grouping types of offenses together, we hold that it *619 is not fundamental error to submit such a charge to the jury. A defendant must object at trial to submission to the jury of an aggravated charge to preserve the objection. Otherwise, the prosecution may assume that by failing to challenge the charging pattern, the defendant has acquiesced in the state's determination to charge all of the same type of acts within a single count. Indeed, by doing so the prosecution actually lessens the potential penalty to the defendant. Where each charge is discrete and charged as such, the defendant is subject to substantially greater penalties and potential consecutive sentencing on each charge.
We distinguish Parley v. State, 947 So.2d 672 (Fla. 4th DCA 2007). There the defendant was charged with a single count of escape, but the evidence showed, two distinct incidents which could have been considered escape. In closing argument, the prosecutor told the jury that it could convict of either incident of escape. On appeal, we held that the prosecutor's affirmative invitation to the jury to find guilt by essentially a non-unanimous verdict constituted fundamental error. Here, in contrast, the prosecutor made no such affirmative invitation. More importantly, however, Perley was not a child sexual abuse case, which the courts have consistently treated differently from other types of prosecution. Perley does not require reversal on fundamental error grounds in this case.
In a second point, appellant argues that his convictions for committing lewd or lascivious molestation and lewd or lascivious battery violate double jeopardy, because they occurred during the same episode. We have examined the charging document and the evidence presented, however, and conclude that the two charges did not arise out of the same incident. We therefore affirm on this issue as well.
Affirmed.
FARMER and GROSS, JJ., concur.