On Motion for Rehearing

BLANC, PETER D., Associate Judge.
We grant Hakim Elghomari’s motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Hakim Elghomari appeals his convictions of three counts of sexual battery and two counts of lewd molestation. Elgho-mari argues that the trial court erred by: (1) admitting child hearsay statements; (2) determining that the state did not commit a discovery violation; (3) permitting the state to present charges which invited a non-unanimous verdict; and (4) admitting testimony about changes in Elghomari’s *418 sexual relationship with the victim’s mother. We affirm.
BACKGROUND
Elghomari was charged by information with three counts of sexual battery and two counts of lewd molestation for offenses committed against his girlfriend’s daughter, who was seven years old. All offenses were alleged to have occurred between May 1, 2007 and June 21, 2007. On June 20, 2007, the victim’s day care provider informed the victim’s mother that the victim had told other children at the day care that Elghomari was abusing her. That night, the mother questioned the victim, but the victim denied the abuse. When the mother confronted Elghomari, he also denied abusing the victim. Elghomari brought the victim to the police station, where she spoke with three male officers. The victim told the officers that she had lied when she stated at day care that Elghomari had abused her, and explained that he only gave her “wedgies” and spanked her when she misbehaved.
On June 22, 2007, Detective Lisa Martin of the Davie Police Department conducted a videotaped interview with the victim at the police station. In the car on the way to the police station, the victim told Detective Martin that she understood the difference between the truth and a lie and a good touch and a bad touch. During the interview, the victim explained the vaginal, anal, and oral sexual abuse and molestation by Elghomari with the aid of a body diagram. The victim told Detective Martin that she had pain in her bottom and pain when she urinated. The victim also explained that she had lied during her previous statement to police because she did not want Elghomari to go to jail. After the interview, Detective Martin took the victim to the Sexual Assault Treatment Center. The nurse practitioner who examined the victim testified at trial that she found no evidence of hymenal injury and no injury around the anal area other than redness. She also explained that the lack of injury did not mean that sexual abuse did not occur.
At trial, the victim’s testimony about the sexual abuse was similar to the information which she had provided to Detective Martin. However, in support of the two counts of lewd molestation, she also testified that Elghomari molested her during two additional encounters when he forced her to touch his genitals and he sucked on her breasts. The jury found Elghomari guilty on all counts, and the trial court sentenced him to concurrent terms of life imprisonment.
CHILD HEARSAY STATEMENTS
Elghomari first argues that the trial court erred by admitting a child hearsay statement by the victim pursuant to section 90.803(23), Florida Statutes (2009). He contends that the trial court’s factual findings were inadequate[1] and that the victim’s hearsay statement did not possess the necessary degree of reliability. We review both a trial court’s determination that a statement is reliable under section *419 90.803(23) and the sufficiency of the trial court’s findings of fact for an abuse of discretion. Ferreiro v. State, 936 So.2d 1140, 1142 (Fla. 3d DCA 2006) (citing Perez v. State, 536 So.2d 206 (Fla.1988)); Ingrassia v. State, 747 So.2d 445, 447 (Fla. 4th DCA 1999).
Section 90.803(23), Florida Statutes, the child sexual abuse hearsay exception, provides:
Hearsay exception; statement of child victim.—
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child ...
a. Testifies.
In State v. Townsend, 635 So.2d 949 (Fla.1994), the supreme court analyzed the statute and explained that the exception requires that: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability. Id. at 954. In addition, the supreme court established a nonexclusive list of factors for the trial court to consider in evaluating the reliability of a child’s out-of-court statement under the statute:
the statement’s spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.
Id. at 957-58; see also Mikler v. State, 829 So.2d 932, 935 (Fla. 4th DCA 2002). Additionally, once the trial court reviews the trustworthiness and reliability of the statement, section 90.803(23)(c) expressly requires that the court “make specific findings of fact, on the record, as to the basis for its ruling.”
In the instant case, the state filed a notice of intent to introduce at trial the child hearsay statement which the victim made to Detective Martin. After a hearing, the trial court entered a thoughtful and detailed order granting the state’s mo *420 tion. In the order, the trial court stated that it heard testimony by Detective Martin and reviewed the video recording of the victim’s statement to Detective Martin and the sworn statement by the victim’s mother before determining that the victim’s statement was trustworthy and reliable. The trial court made several specific findings, including that the victim “understands the difference between the truth and a lie, right and wrong,” the “child’s description of events [was] in response to generally open ended, non leading questions,” and the “child’s description of the incidents utilized age appropriate language but was significantly detailed and provided specific information that would not otherwise be available to a typical seven (7) year old concerning sex acts and bodily fluids.” The trial court weighed this evidence against the victim’s initial statements to police and to her mother that Elghomari did not abuse her. However, it determined that “those statements were made at times when the Defendant was either present or nearby.” Thus, the record shows the trial court made all requisite findings of reliability under section 90.803(23) and set them out in detail, satisfying subsection (c). Because the trial court complied with the statute and we find no basis for rejecting its conclusions, we affirm its determination regarding the admissibility of the child hearsay statement.
DISCOVERY VIOLATIONS
Elghomari also argues that the trial court erred when it determined that the state’s failure to disclose a material change in the victim’s testimony was not a discovery violation. The Florida Rules of Criminal Procedure codify the state’s obligation to provide discovery to a defendant in a criminal case. These discovery rules are designed to prevent surprise and to facilitate a “ ‘truthful fact-finding process.’ ” Scipio v. State, 928 So.2d 1138, 1144 (Fla.2006) (quoting Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979)). The chief purpose of such discovery is to prevent “ ‘trial by ambush.’ ” Bell v. State, 930 So.2d 779, 785 (Fla. 4th DCA 2006) (citation omitted).
In particular, Florida Rule of Criminal Procedure 3.220(b)(1)(B) requires the state to disclose to the defendant “the statement of any person” who is a witness pursuant to Rule 3.220(b)(1)(A). The type of “statement” that must be disclosed by the state
includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled[.]
Fla. R.Crim. P. 3.220(b)(1)(B). Based upon the plain language of the rule, the state is not required to disclose unrecorded oral statements. Moreover, the supreme court, in State v. McFadden, 50 So.3d 1131, 1133 (Fla.2010), clarified that the state is not required to disclose to the defendant a witness’s oral statement if the statement has not been reduced to writing or recorded in a manner prescribed by Rule 3.220(b)(1)(B). The supreme court, however, recognized the exception that the state must disclose an “ ‘oral statement [that] materially alters a prior written or recorded statement previously provided by the State to the defendant.’ ” Id. (quoting State v. Evans, 770 So.2d 1174, 1180 (Fla.2000)).
*421 In the instant case, Elghomari claims that the state committed a discovery violation when it described during its opening statement two incidents of molestation that, although charged in the information, were not previously referenced or identified in the victim’s statements provided as part of the discovery process. The victim also testified about these two incidents at trial when she described that Elghomari molested her by forcing her to touch his genitals and by sucking on her breasts. The incidents were not discussed in the videotaped interview by Detective Martin or referenced in Detective Martin’s written report. Elghomari claims that his counsel relied only upon the interview and the written report to prepare for the victim’s deposition. Therefore, during the deposition, Elghomari’s counsel did not specifically question the victim about the molestation. Elghomari claims that the victim should have disclosed the molestation in response to the following three questions: (1) “Was there ever any other time where he touched you with his private or put his private on you or in you?”; (2) “So that was it?”; and (3) “Anything else you want to tell me?” The state responds that it did not commit a discovery violation because the victim’s statement about the molestation was oral and unrecorded and her answers to the above three questions did not materially alter her previous statements. The state also argues that Elghomari was not surprised at trial because the information expressly charged him with two counts of lewd molestation for touching the victim’s breast (Count IV) and for forcing the victim to touch his genitals (Count V). The information was filed well before the victim’s deposition and defense counsel had the opportunity to ask specific questions about those two counts.
We agree with the state that the trial court sufficiently inquired into the alleged discovery violation and concluded that no violation occurred. The record reflects that the victim revealed the two incidents of molestation at a pre-filing conference and that the victim’s statement was oral, not written or recorded. Even the defense attorney acknowledged that the only way for the state to inform Elghomari about the unrecorded statement would be the following: “They can write a memo.... They could pick up the phone and call me. They can send an email.” Such a process would be unnecessary if the state had in its possession a written or recorded statement.
Elghomari further claims that the trial court erred by not inquiring specifically of Detective Martin regarding the potential existence of an undisclosed written or a recorded statement and relies upon Giles v. State, 916 So.2d 55 (Fla. 2d DCA 2005). However, the facts of Giles are distinguishable from the instant case. In Giles, the prosecutor never affirmatively stated that there was no such written or recorded statement, only that, “the State didn’t have access to that information.” Id. at 57. The trial court’s inquiry confirmed simply that the prosecutor had no knowledge of the existence of the written report, not that any written or recorded version of the report did or did not exist. Id. Here, the prosecutor was aware of the statement, referenced the molestation in opening statement, and affirmatively asserted that the statement was not written or recorded. The defense attorney accepted the prosecutor’s assertion that the statement was not written or recorded and acknowledged the difficulties in disclosing the unrecorded statement. Because the trial court’s inquiry directly addressed whether the statement was written or recorded, the instant case is unlike the inquiry in Giles, which merely focused on the prosecutor’s awareness of the written report.
Additionally, the limited exception described by the supreme court in McFad *422 den does not apply to this case. The victim’s failure to mention the two incidents in response to defense counsel’s open-ended deposition questions did not amount to a material change in testimony from the videotaped interview with Detective Martin, Detective Martin’s report, or the victim’s deposition. Because the victim’s unrecorded statement did not materially change her previous testimony, the trial court ended the inquiry and properly concluded that the state was not required to produce the statement to Elghomari. See McFadden, 50 So.3d at 1133 (“no discovery violation occurred here; therefore, there was no need for the trial court to conduct a Richardson [v. State, 246 So.2d 771 (Fla.1971) ] hearing”). Moreover, El-ghomari was put on notice of the molestation by virtue of the allegations within Counts IV and V of the information. It may have been a better practice for the state to indicate during the deposition that defense counsel had overlooked the molestation in Counts IV and V, but its failure to do so does not amount to a discovery violation. Accordingly, the trial court did not err in determining that the state did not commit a discovery violation under these circumstances. Having determined no discovery violation occurred, we do not address the state’s claim that the victim’s statements at the pre-filing conference constitute work product.
NON-UNANIMOUS VERDICTS
Elghomari next claims that the trial court improperly allowed the state to present charges which created the possibility of a non-unanimous jury verdict. Specifically, he alleges that because several counts submitted to the jury were each supported by more than one criminal episode, the jury verdict could be non-unanimous. He also complains that the state further invited a non-unanimous verdict during closing by stating that “even though he put his penis in her vagina more than one time, it’s only charged once, because it’s on one or more occasion. So if you find it happened either the first time, or ... the second time, or ... both, same verdict, guilty.” Elghomari raises this issue as a fundamental error, as he did not object to the charging document or the state’s closing argument. However, the error was not fundamental, and any objection should have been raised at trial. Whittingham v. State, 974 So.2d 616 (Fla. 4th DCA 2008) (holding that the state’s submission to the jury of several counts which included multiple, distinct acts of sexual abuse against a child did not constitute fundamental error and recognizing that, in a sexual abuse case, the state may charge a defendant in a manner not permitted in other types of criminal cases, including the expansion of time periods of the offenses and the grouping together of types of offenses).
TESTIMONY BY VICTIM’S MOTHER
Finally, we find that the trial court abused its discretion in admitting the irrelevant testimony by the victim’s mother regarding the weakening of her sexual relationship with Elghomari around the time he abused the victim. Nevertheless, the testimony was an insignificant part of the trial and the state made only brief, isolated references to the testimony during closing argument. Therefore, we find that there is no reasonable possibility that the mother’s testimony contributed to the verdict, and the admission of the testimony was harmless error. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see also Ventura v. State, 29 So.3d 1086, 1090-91 (Fla.2010).

Affirmed.

TAYLOR and CIKLIN, JJ., concur.

. We reject the state’s position that Elgho-mari did not preserve this issue for review because he failed to object to the lack of specific findings concerning the reliability of the child hearsay statement. See Hopkins v. State, 632 So.2d 1372, 1376 (Fla.1994) (holding that defense counsel’s general objection to the reliability of child hearsay statements necessarily encompassed the sufficiency of the trial court’s findings as to that reliability under section 90.803(23) and that defense counsel was not required to specify each finding of fact to which he was objecting); see also Heuss v. State, 660 So.2d 1052, 1056 (Fla. 4th DCA 1995). We also reject the state’s request to certify conflict with Elwell v. State, 954 So.2d 104 (Fla. 2d DCA 2007).