DAMOORGIAN, J.
Walter J. Geiser was charged by information with eight counts of sexual battery (Count I through VIII), and two counts of lewd or lascivious battery (Count IX and X). Counts I through VII applied to victim L.A.V. and Counts VIII through X applied to victim J.L.P. Counts I through *835 VIII in the information each stated that the crimes occurred “on one or more occasions” between two specific dates identified in each count. On appeal, Geiser assigns error to the State’s use of the phrase “on one or more occasions” in the information because doing so deprived him of notice of when the specific criminal acts charged occurred.[1] Additionally, Geiser argues that the trial court erred by permitting one of the victims to testify about uncharged collateral crimes. Finding no merit to Geiser’s arguments, we affirm Geiser’s convictions and sentences on all counts.
By way of background, Geiser was charged by information with committing unlawful sexual acts on the two victims from 2002-2007. Geiser never raised challenges to the content of the information, nor did he move for a judgment of acquittal. Victim, L.A.V., testified to numerous sexual acts between Geiser and herself beginning when she was nine years old and continuing until she was sixteen. Although L.A.V. could not pinpoint specific dates, she did provide the general time-frame during which the acts occurred, as well as a description of the acts. Geiser did not object to L.A.V.’s testimony at trial. During a controlled telephone call that was played to the jury, Geiser admitted to perpetrating a number of the sexual acts. The jury found Geiser guilty on all counts, but in Count VIII, Geiser was found guilty of the lesser included offense of battery. The trial court adjudicated Geiser guilty, and sentenced him to life in prison (Counts I, II, and III), thirty years in prison (Counts IV, V, VI, and VII), one year in jail (Count VIII), and fifteen years in prison (Counts IX and X).
As to the first issue, Geiser never objected to the content of the information. “ ‘[WJhere the charging allegations are merely incomplete or imprecise, the failure to timely file a motion to dismiss under [Florida Rule of Criminal Procedure] 3.190(c) waives the defense, and it cannot be raised for the first time on appeal.’ ” Hart v. State, 761 So.2d 334, 335 (Fla. 4th DCA 1998) (quoting Carver v. State, 560 So.2d 258, 260 (Fla. 1st DCA 1990)). Therefore, out of necessity, Geiser argues that the use of the phrase “on one or more occasions” in the information was fundamental error. We disagree.
In State v. Generazio, 691 So.2d 609 (Fla. 4th DCA 1997), we held “that in a case of ongoing sexual abuse of a child, where the child is unable to remember the specific dates on which he or she was abused, the allegation that the act occurred ‘on one or more occasions’ is not, per se, duplicitous.” Id. at 611. We noted:
Each count of this information charged only a single, ongoing offense of sexual abuse of a child. Furthermore, the evidence presented at trial showed that the sexual abuse occurred daily over more than an eight-month period. Additionally, the victim testified that he was unable to remember specifically when certain acts happened. He could only testify that the acts of abuse occurred every day. Under the facts of this case, it is apparent that the state could not narrow the time frame in which the acts of child abuse alleged in Counts I through IV occurred nor could it identify any separate acts, other than that charged in Count V. It could, how *836 ever, and did identify several different types of sexual abuse....
Id. at 611.
We see no distinction between the victim’s testimony in Generazio and the testimony of the victims in this case. Here, the victims, L.A.V. and J.L.P., could not pinpoint specific dates when the acts occurred, although they could identify their ages when the acts occurred, the specific acts themselves, and where they took place. See Whittingham v. State, 974 So.2d 616, 618-19 (Fla. 4th DCA 2008) (“[T]he state may charge a defendant in child sexual abuse cases in a manner not permitted in other types of criminal cases, expanding time periods for the commission of offenses and grouping types of offenses together....”). Finally, we note the State separated counts based upon the ages of the victims at different points in time and the specific acts perpetrated.[2] See Dell’Orfano v. State, 616 So.2d 33 (Fla.1993).
Geiser also claims that the trial court erred by allowing the State to present Williams[3] rule evidence of collateral sex crimes that occurred before the dates identified in the information. Geiser’s argument is without merit because L.A.V.’s testimony was not Williams rule evidence. L.A.V.’s testimony regarding these acts covered related activities inextricably intertwined with the charged criminal acts from 2002-2007. In Griffin v. State, 639 So.2d 966 (Fla.1994), the Florida Supreme Court stated:
[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not Williams rule evidence. It is admissible under section 90.402 because “it is a relevant and inseparable part of the act which is in issue.... [I]t is necessary to admit the evidence to adequately describe the deed.”
Id. at 968 (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)). “Evidence is inextricably intertwined if the evidence is necessary to (1) ‘adequately describe the deed’; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).” Dorsett v. State, 944 So.2d 1207, 1213 (Fla. 3d DCA 2006) (internal citations and emphasis omitted).
The illegal sexual acts, that were not charged in the information to which L.A.V. testified, began when L.A.V. was nine years old and lasted until L.A.V. was eleven. We conclude that the description of these acts was inextricably intertwined with the charged crimes and was necessary to adequately describe how Geiser came to know his victim and the manner in which Geiser fostered the relationship leading up to the acts for which he was charged. See McGee v. State, 19 So.3d 1074, 1078-79 (Fla. 4th DCA 2009) (holding that there was no error in allowing the victim’s testimony about a sexual encounter that occurred on a separate date before the charged incident because it was inextricably intertwined with the charged crime); see also Triplett v. State, 947 So.2d 702, 704 (Fla. 5th DCA 2007) (upholding trial court’s admission of Williams rule testimony where collateral act of molestation and the charged molestation shared “numerous similarities”). Additionally, the *837 credibility of L.A.V.’s testimony was not at issue because Geiser admitted in the controlled telephone call to perpetrating a number of the sexual acts to which L.A.V.' testified. Finally, the State did not heavily rely upon the incidents that were not charged in the information during its case in chief or in its closing argument. Cf. Pulcini v. State, 41 So.3d 338, 346 (Fla. 4th DCA 2010) (holding that it was error to admit the collateral evidence when the State’s ease “boiled down to the credibility of the victim” and the collateral evidence was heavily relied upon by the State in its closing argument). Accordingly, we hold that the trial court did not err in admitting L.A.V.’s testimony.

Affirmed.

STEVENSON and HAZOURI, JJ., concur.

. The only issue that Geiser appeals in regards to J.L.P. is the defect in the information used in Count VIII.

. In the information, the longest time frame for the sexual misconduct was two years (Counts IV and V), and the shortest time frame was four months (Count I).

. Williams v. State, 110 So.2d 654 (Fla.1959).