DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENJAMIN B. STALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4675

[July 5, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562013CF003642A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Benjamin B. Stalker challenges his convictions for numerous child sexual abuse charges and raises six issues, all of which we affirm. However, we write to explain why the defendant's appeal of the state's reliance on different factual theories to prove one of the sexual battery counts cannot be raised for the first time before this court.

The state charged Stalker with, among other offenses, three counts of sexual battery on a person less than 12 by a person 18 years or older. Count IV of the Information alleged that "[o]n or between November 1, 2010 to December 23, 2013, [Stalker] . . . on one or more occasions, did unlawfully commit sexual battery, to wit: vaginal penetration . . . ." The Information was subsequently amended as to Count IV to reflect a beginning date of October 1, 2009 and to allege "union with" in addition to penetration.

We need not delve into the details of the evidence presented at trial. It suffices to say that Stalker argues that it is not apparent the jury returned a unanimous verdict on Count IV because the state presented

two factual theories for commission of the offense. He asserts that this amounts to fundamental error, and he requests that on remand for a new trial, the state elect the theory on which it intends to proceed.

Stalker is limited to arguing fundamental error because the alleged error he complains of was not preserved. "Fundamental error is error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Krause v. State*, 98 So. 3d 71, 73 (Fla. 4th DCA 2012) (quoting *Bassallo v. State*, 46 So. 3d 1205, 1209 (Fla. 4th DCA 2010)).

In support of his argument, Stalker relies on two cases, *Perley v. State*, 947 So. 2d 672 (Fla. 4th DCA 2007), and *Chaffin v. State*, 121 So. 3d 608 (Fla. 4th DCA 2013). In *Perley*, this court held that fundamental error occurred when the state charged Perley with one count of escape but presented evidence of two entirely separate incidents of escape, thus making it unclear whether the jury's verdict was unanimous. 947 So. 2d at 674-75. Likewise, in *Chaffin*, this court held that the defendant's conviction of tampering with evidence constituted fundamental error where he was charged with one count but the state informed the jury that it could convict based on either of the two distinct incidents of tampering. 121 So. 3d at 615-16.

These cases are distinguishable, as illustrated in *Whittingham v. State*, 974 So. 2d 616 (Fla. 4th DCA 2008). There, as in this case, the defendant sexually abused his girlfriend's daughter over a period of years. *Id.* at 617. And like the instant case, the state in *Whittingham* "grouped the various types of abuse into single counts." *Id.* Further:

> On some counts, the victim's testimony showed multiple, indistinct acts within a certain time range. On one count of abuse by way of vaginal intercourse, the victim was able to remember several distinct acts of intercourse at different places and different times. The defense did not object to the charging of these incidents in one count or to the submission to the jury of this one count.

*Id.* On appeal, the defendant argued that "because several counts submitted to the jury were each supported by more than one criminal episode, the jury verdict could be non-unanimous, resulting in fundamental error," as in *Perley*. *Id.* In distinguishing *Perley* and finding that the issue could not be raised for the first time on appeal, this court reasoned as follows:

2

[T]he prosecutor in this case charged the defendant with a different type of sexual abuse in each separate count. Some counts charged that the act occurred within a specific time frame. Others charged the specific type of sexual abuse "on one or more occasions" within a specified time range. This is the same method of charging that we approved in [*State v. Generazio*, 691 So. 2d 609 (Fla. 4th DCA 1997),] when a victim cannot be more specific regarding dates or events. The appellant never moved to dismiss the information or requested a bill of particulars to narrow the time gap or challenged the method of charging in any respect.

Child sexual abuse cases pose unique problems for prosecution, as our supreme court has recognized. *See Dell'Orfano v. State*, 616 So. 2d 33, 35 (Fla. 1993). Because the state may charge a defendant in child sexual abuse cases in a manner not permitted in other types of criminal cases, expanding time periods for the commission of offenses and grouping types of offenses together, we hold that it is not fundamental error to submit such a charge to the jury. A defendant must object at trial to . . . preserve the objection. Otherwise, the prosecution may assume that by failing to challenge the charging pattern, the defendant has acquiesced in the state's determination to charge all of the same type of acts within a single count. Indeed, by doing so the prosecution actually lessens the potential penalty to the defendant. Where each charge is discrete and charged as such, the defendant is subject to substantially greater penalties and potential consecutive sentencing on each charge.

*Id.* at 618-19. The court distinguished *Perley* on the basis that the prosecutor there invited the jury to convict based on either incident of escape. *Id.* at 619. However, the court emphasized that "[m]ore importantly . . . *Perley* was not a child sexual abuse case, which the courts have consistently treated differently from other types of prosecution." *Id.*

In a subsequent case, this court went one step further in finding that there was no fundamental error even where the prosecutor invited the jury to convict the defendant if it found that he "put his penis in her vagina . . . . the first time, or . . . the second time, or . . . both." *Elghomari v. State*, 66 So. 3d 416, 422 (Fla. 4th DCA 2011) (first alteration added).

3

As in *Whittingham*, various types of abuse charged in the instant case were grouped into single counts. Stalker does not assert that he sought a statement of particulars or otherwise challenged the pattern of charging in the proceedings below, nor has he distinguished *Whittingham* or *Elghomari* in his briefs. Because none of the errors raised by Stalker require reversal, we affirm.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**