DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELISOL ST. LOT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3022

[October 28, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 502016CF002238A.

Carey Haughwout, Public Defender, and Breanna Atwood, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant contends the trial court erred in admitting out-of-court statements as child hearsay and in excluding evidence about a previous sexual assault involving the victim's mother. We affirm the trial court and find that the trial court did not abuse its discretion in admitting the child hearsay statements under section 90.803(23), Florida Statutes (2019), and *State v. Townsend*, 635 So. 2d 949 (Fla. 1994). Further, we find that the trial court did not abuse its discretion in excluding evidence about the mother's sexual abuse because the perpetrator was not the same person, and any relevance was attenuated at best. We find no error in the denial of the motion for judgment of acquittal and affirm that issue without comment.

Prior to trial, the state filed an amended notice of intention to use hearsay statements of a child victim pursuant to section 90.803(23), Florida Statutes. The parties stipulated that the victim was incompetent to testify due to lack of memory. The victim was four years and nine months old at the time of the offense.

During the child hearsay hearing, the victim's mother testified that she lived with appellant whom she had known her whole life. On the evening in question, the mother walked past appellant's bedroom and saw appellant and the victim on appellant's bed. The victim was lying on her back, and appellant's stomach was touching the victim's stomach. Appellant was wearing gym shorts with no shirt, and his hand was covering the victim's mouth.

The mother screamed. Appellant quickly jumped off the victim. The mother asked what was going on, and appellant said nothing was going on and left. The victim was "very scared," "in shock and shaking." The victim told the mother that appellant "pull[ed]" her into his room as she was walking by and "tried to sleep with" her. The mother had never heard the victim use that language before. The mother saw bite marks on the victim's chin.

The victim told the mother that she was "burning" and that appellant "poured something in her private area and that he hurt her." When referring to her private area, the victim used the word "bobot," which is Creole for vagina. The victim also said that appellant "was rubbing something soft on her private part and then rubbed something hard on her thighs" and "was rubbing something on her bobot." The mother observed that the bottom of the victim's dress and underwear were wet as if something had been poured onto her. She also saw handprints on the victim's inner thighs near her vaginal area.

In the car on the way to the emergency room, the victim repeated what happened. She also said that appellant squeezed her and that she could not breathe. At the hospital, the detective left a recorder in the room. In the recording, the victim said that appellant scratched her face and that "he pushed it," meaning his penis. A detective who responded to the hospital observed scratches on the victim's chin, bruising on one thigh, and a scratch on the other thigh.

The trial court found that the child hearsay statements were admissible under *State v. Townsend*, 635 So. 2d 949 (Fla. 1994), and made detailed findings as to the reliability of the statements. The trial court also found the statements were corroborated by eyewitness testimony and physical evidence.

Before trial, the state filed a motion in limine to prevent the defense from presenting evidence that the mother had been sexually assaulted as a child. The defense wanted to cross-examine the mother about her past

2

sexual assaults. The trial court granted the motion and excluded the evidence, finding it would "have minimal, if any, relevance" and would result in "a trial within a trial."

The case proceeded to trial. The evidence adduced at trial was similar to that presented during the child hearsay hearing. Additionally, the mother testified that when appellant jumped off the victim, his pants were so low his pubic hair was visible. The jury found appellant guilty as charged. This appeal follows.

Appellant contends the trial court erred in admitting the victim's out-of-court statements as child hearsay. "We review both a trial court's determination that a statement is reliable under section 90.803(23) and the sufficiency of the trial court's findings of fact for an abuse of discretion." *Elghomari v. State*, 66 So. 3d 416, 418-19 (Fla. 4th DCA 2011).

Section 90.803(23), Florida Statutes, sets forth a hearsay exception for statements of a child victim:

> (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical . . . age of 16 or less describing . . . . any act of sexual abuse against a child, . . . or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
>
> 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2. The child . . .
>
> b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. . . .
>
> . . . .

(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

To be admissible under section 90.803(23), "the statement must meet two specific reliability requirements: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." *Townsend*, 635 So. 2d at 954 (emphasis omitted).

In *Townsend*, the Florida Supreme Court articulated a non-exclusive list of other factors to be considered in determining the reliability of a child hearsay statement:

> the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.

*Id.* at 957-58. "[A] court is to use a totality of the circumstances evaluation in determining reliability." *Id.* at 958.

In the instant case, the trial court considered the totality of the circumstances and made specific findings based on the factors set forth in section 90.803(23) and *Townsend.* We affirm the trial court's ruling since there exists in the record competent substantial evidence supporting these findings under section 90.803(23) and *Townsend.* The trial court found, inter alia, that immediately after the incident, the mother asked the victim what happened, and the victim responded. The victim was shaking and in shock. There was limited time between the alleged offense and the statements the victim made to fabricate a story that a four-year-old could adhere to. There was no indication of animosity between the victim or the mother and appellant. The language used by the victim was not inconsistent with that which would be used by a child of that age. There

was nothing vague in the child's repeated statements or anything indicative of fantasy, embellishment, or lying.

Significantly, the victim's statements were corroborated by eyewitness testimony and physical evidence. The mother witnessed appellant on top of the victim, lying stomach to stomach, wearing no shorts, with his hand covering her mouth. Upon being confronted, appellant immediately jumped up and left. The victim had a handprint-shaped bruise on her thigh near her vagina, and the bottom of her dress and underwear were wet.

Thus, because the circumstances of the victim's statements provided sufficient safeguards of reliability and were additionally corroborated by other evidence, the trial court did not abuse its discretion in admitting them.

Appellant also contends that the trial court erred in granting the state's motion in limine and precluding the defense from cross-examining the victim's mother about the fact that the mother was sexually assaulted as a child. A trial court's ruling on a motion in limine is reviewed for abuse of discretion, as limited by the rules of evidence. *Patrick v. State*, 104 So. 3d 1046, 1056 (Fla. 2012). A trial court's ruling concerning the scope of cross-examination is also reviewed for abuse of discretion. *McDuffie v. State*, 970 So. 2d 312, 324 (Fla. 2007).

We find the trial court did not abuse its discretion in granting the motion in limine because there was no showing of how the mother's prior history of sexual abuse would be relevant. *See* § 90.401, Fla. Stat. (2019). The incidents involving the mother occurred many years ago and involved unrelated perpetrators and different circumstances. Cross-examination of the mother on this issue would not have in any way proved or disproved a material fact of the crimes alleged in this case. *See Graham v. State*, 207 So. 3d 135, 142 (Fla. 2016) (affirming ruling prohibiting defense counsel from cross-examining the victim's mother about her own history of sexual abuse because it was not relevant).

Because the trial court did not abuse its discretion in admitting the child hearsay statements and in granting the motion in limine, we affirm.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*