DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ORLANDO ORATES PRADO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1347

[August 30, 2023]

Appeal from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Jr., Judge; L.T. Case No. 2018CF006752AMB.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Orlando Orates Prado appeals from his judgment and sentence on two sexual battery counts after a jury trial. On appeal, Appellant challenges: (1) the constitutionality of the six-person jury that convicted him; (2) the trial court's decision to admit expert testimony for the State; and (3) the trial court's decision to admit child hearsay statements into evidence. Appellant failed to preserve issue (1), and we have already rejected this issue on the merits. *See Albritton v. State*, 360 So. 3d 1145, 1147 (Fla. 4th DCA 2023); *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC22-1597, 2023 WL 3830251 (Fla. June 6, 2023). We thus affirm on this issue without further discussion. We further conclude the State's expert testimony was proper and summarily affirm on issue (2). We write to address issue (3) and, as discussed below, we affirm.

**Background**

One morning in 2018, L.S., the child victim ("the Victim") in this case, was in apparent discomfort in bed. When her mother, who had been bathing in the next room, asked her what was wrong, the Victim pointed to her genitals and indicated that it hurt. When the mother asked Appellant, the Victim's stepfather, what had happened, he answered that he did not know. The Victim then indicated that she had fallen.

After a family picnic later that day, the Victim spent the night with her maternal grandmother ("the grandmother"). While helping the Victim to bathe, the grandmother discovered injuries on the Victim's genitals. At first, the Victim repeated that she had fallen. The grandmother pressed the Victim, who began to cry and begged the grandmother not to say anything. The Victim then explained that Appellant had taken down her pants and put his penis between her legs and began to press or rub it against her earlier that day.

The grandmother took the Victim to the hospital, where an emergency room physician examined her and discovered injuries consistent with the child's account of abuse. The Victim also repeated her account to the police officer ("the Officer") who responded to the emergency room.

Appellant was charged by information with four counts of sexual battery. The State filed an amended notice of intent to offer child hearsay evidence through four sources, including the Child Protection Team ("CPT") Interviewer, the grandmother, and the Officer. Appellant objected and the court held a hearing on the notice.

The trial court granted the State's request to introduce child hearsay statements with respect to the three aforementioned witnesses. The trial court made extensive findings on the reliability of the Victim's hearsay statements as required by section 90.803(23), Florida Statutes (2022). The trial court made no express finding on the grandmother's trustworthiness as a source.

At the start of trial, Appellant renewed his objection to child hearsay and the trial court granted a standing objection. Appellant did not specifically object to the sufficiency of the factual reliability and trustworthiness findings in the order permitting child hearsay evidence.

The grandmother testified to the conversation in which the Victim described the alleged battery by Appellant. The Officer and the CPT interviewer also testified that the Victim had given the same account of the abuse. Separately, the emergency room physician testified that he had discovered injuries on the Victim's body consistent with the alleged

2

battery. An additional witness, the CPT medical director, similarly testified the Victim's injuries were consistent with her account. Finally, the Victim's testimony at trial was consistent with hearsay statements which were attributed to her.

The jury found Appellant guilty as charged on the two sexual battery counts. The trial court adjudicated Appellant guilty and entered two concurrent life sentences. This appeal timely followed.

## Analysis

Appellant challenges only the trial court's decision to admit the Victim's hearsay statement through the grandmother's testimony, arguing the court failed to make adequate trustworthiness and reliability findings as required by section 90.803(23)(c), Florida Statutes (2018). "We review both a trial court's determination that a statement is reliable under section 90.803(23) and the sufficiency of the trial court's findings of fact for an abuse of discretion." *Lot v. State*, 306 So. 3d 1231, 1234 (Fla. 4th DCA 2020) (quoting *Elghomari v. State*, 66 So. 3d 416, 418–19 (Fla. 4th DCA 2011)).

As a preliminary matter, we note that Appellant has failed to preserve this issue for our review. Preserving a claim that the trial court failed to make the required factual findings under section 90.803(23)(c), requires a contemporaneous objection specifically concerning the sufficiency of those findings. *See, e.g., Coleman v. State*, 315 So. 3d 166, 167 (Fla. 1st DCA 2021) (concluding the appellant's challenge to the sufficiency of section 90.803(23)(c) findings was unpreserved because the appellant had "never raised any objection concerning the sufficiency of the trial court's findings under section 90.803(23)" (quoting *Elwell v. State*, 954 So. 2d 104, 109 (Fla. 2d DCA 2007))).

Here, Appellant objected to the admission of child hearsay, but never raised the sufficiency of the trial court's findings under section 90.803(23). This issue is thus unpreserved, and we review for fundamental error. *See Jackson v. State*, 983 So. 2d 562, 569 (Fla. 2008). "Fundamental error is error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Gentry v. State*, 300 So. 3d 233, 237 (Fla. 4th DCA 2020) (citation omitted).

Section 90.803, Florida Statutes (2018), provides exceptions to the bar on hearsay evidence, and subsection (23) details the exception for statements of a child victim and provides that the trial court "shall make

specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c), Fla. Stat. (2018).

For child-victim hearsay statements to be admissible, the statements "must meet two specific reliability requirements: (1) the *source* of the information through which the statement was reported *must indicate trustworthiness*; and (2) the *time, content, and circumstances* of the statement must reflect that the statement *provides sufficient safeguards of reliability*." *State v. Townsend*, 635 So. 2d 949, 954 (Fla. 1994).

Here, the trial court considered evidence as to reliability and made extensive factual findings on thirteen factors, including those provided by section 90.803(23), and those enumerated by our supreme court in *Townsend*, 635 So. 2d at 954.

Because the trial court made "all requisite findings of reliability under section 90.803(23) and set them out in detail," it satisfied the requirements of section 90.803(23)(c). *Elghomari*, 66 So. 3d at 420. Thus, no error occurred with respect to the trial court's reliability findings. However, the trial court failed to make a specific finding as to the trustworthiness of the grandmother as a source of the Victim's hearsay statements. *See Townsend*, 635 So. 2d at 956–57. This was error. *Id.*

Nonetheless, the grandmother's testimony was "cumulative in nature, and, therefore, harmless." *Cannon v. State*, 315 So. 3d 732, 741–42 (Fla. 4th DCA 2021) (quoting *English v. State*, 43 So. 3d 871, 872 (Fla. 5th DCA 2010)). The challenged testimony regarding child hearsay statements was cumulative to other evidence, including the trial testimony of the Victim, the Officer, and the CPT Interviewer. Appellant has not challenged the admission of child hearsay through these other witnesses. Two medical exams also disclosed injuries on the Victim's body corroborating her account. Given the significant evidence supporting the Victim's account, admission of the grandmother's testimony without a ruling on her reliability was harmless error. *See Hojan v. State*, 3 So. 3d 1204, 1210 (Fla. 2009) (finding any error harmless in admitting officer's testimony as to surviving victim's statements as there was substantial testimony by other witnesses that duplicated the officer's testimony); *Heuss v. State*, 660 So. 2d 1052, 1057–58 (Fla. 4th DCA 1995) (impermissibly admitted child hearsay testimony did not affect the verdict where it was cumulative of properly admitted evidence).

**Conclusion**

4

The trial court erred in permitting the grandmother's testimony without a finding as to her trustworthiness as a source of child-victim hearsay under section 90.803(23). As discussed above, however, any error was harmless. And Appellant's remaining claims of error are meritless. We affirm the judgment in its entirety.

*Affirmed.*

KLINGENSMITH, C.J., and CONNER, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***