DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ORESTES GRACIA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0750

[August 7, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 50-2022-CF-001057-AXXX-MB.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction for three counts of sexual abuse on a minor. The information alleged that the abuse occurred on one or more occasions over a four-year period. Appellant raises four issues, including his contention that the court erred in denying a bill of particulars for more specificity as to the dates and times of the alleged abused. We affirm as to all issues.

Appellant, the victim's mother's boyfriend, was charged with three counts of capital sexual battery on a person less than twelve years of age, each alleged to have occurred on one or more occasions on or between 2012 and 2017. Each count charged a single battery: Count 1 charged sexual battery for vaginal penetration or union; count 2 charged oral penetration or union; and count 3 charged anal penetration or union.

The victim testified that the abuse began when she was six years old and ended when she was ten. Appellant performed sexual acts on her, first in an office in his apartment and later daily in an RV parked behind

the victim's grandparent's house after he lost the apartment. The abuse also occurred at other locations. The abuse ended when the victim's mother walked in on appellant committing a sex act on the victim in the RV.

While the mother did not report the abuse at the time, the victim's father learned of the abuse when the victim was thirteen and reported it, ultimately leading to appellant's arrest and trial. The victim was sixteen at the time of trial. During the cross-examination of the victim, she was impeached with several statements regarding time and place of various incidents. Nevertheless, the jury convicted appellant as charged, and the court sentenced him to three life sentences. Appellant appeals his convictions and sentences.

In his first issue, appellant claims that the trial court erred in denying him the right to impeach the victim with a prior inconsistent statement. Not only do we find that this issue was not preserved, but we also conclude that the statement sought to be used in impeachment was not inconsistent with the victim's in-court testimony. *See Wilcox v. State*, 143 So. 3d 359, 383 (Fla. 2014) ("To be inconsistent, a prior statement must either directly contradict or materially differ from the testimony presented during trial."). Moreover, appellant was able to impeach the victim with multiple other statements that were inconsistent with her trial testimony. Thus, in any event, we would find the denial to impeach the victim with this one statement to be harmless error.

Second, appellant claims that the court erred in denying him a bill of particulars as to the three charges against him. This issue is controlled by *State v. Generazio*, 691 So. 2d 609 (Fla. 4th DCA 1997), in which we held that where the State charged ongoing sexual abuse of a child over an eight month period, no error existed in having charged the incidents as having occurred "on one or more occasions" as long as each charge contained only a single ongoing offense against the child. *Id.* at 611.

In *Whittingham v. State*, 974 So. 2d 616 (Fla. 4th DCA 2008), we again looked at *Generazio* and reaffirmed that the State could charge one count for each type of sexual act, where the victim had been continually abused and could not remember specific dates or narrow the time period. *Id.* at 618; *see also Geiser v. State*, 83 So. 3d 834, 835–36 (Fla. 4th DCA 2011) (rejecting the defendant's argument that the charging allegations were incomplete or imprecise when the victims could not pinpoint specific dates that the acts had occurred but could identify their ages, the acts themselves and where they took place).

2

Here, just as in *Generazio*, the State charged appellant with having committed three types of sex acts on the victim "on one or more occasions" between March 6, 2012, and March 6, 2017. While the victim did not pinpoint specific acts on specific dates in her testimony, the victim did testify what acts took place and identified locations. Further, as noted in *Whittingham*, the State charging appellant in this manner, "actually lessen[ed] the potential penalty to the defendant[,]" as "[w]here each charge is discrete and charged as such, the defendant is subject to substantially greater penalties and potential consecutive sentencing on each charge." 974 So. 2d at 619. In summary, the trial court did not abuse its discretion by denying the motion for a bill of particulars.

As his third issue, appellant claims that the State committed a discovery violation by disclosing photos which the victim's mother provided the day prior to the start of trial. After appellant demanded a speedy trial, the prosecutor requested photos of the victim from the mother but only received them the day before trial began. The photos showed the RV in which some of the abuse was alleged to have occurred, and showed appellant and the victim together in familial situations. Prior to jury selection, the prosecutor had told defense counsel that he would not be using the photos, but after jury selection had concluded, the prosecutor determined to use the photos. Defense counsel then advised the court of its objection to the late discovery. The trial court conducted a *Richardson*[1] inquiry just prior to opening statements and found a discovery violation had occurred, but that the court was inclined to find the violation was not willful and substantial.

After the opening statements, the trial court renewed its *Richardson* inquiry as to whether appellant was prejudiced in any way by the use of the photos. Appellant's counsel claimed prejudice in jury selection, because she would have asked the jury additional questions relating to the familial setting photos. The trial court concluded that it would not have allowed such questioning, which would not have been directed to the jurors' impartiality, but instead would have discussed the facts of the case. Thus, the court found appellant had not shown any prejudice in preparation or trial strategy.

"To conduct a *Richardson* hearing, 'the trial court must inquire as to whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial effect on the aggrieved party's trial preparation.'" *Brown v. State*, 165 So. 3d 726, 728–29 (Fla. 4th DCA 2015) (quoting *Thomas v. State*, 63 So. 3d 55, 59 (Fla. 4th DCA 2011)). "A trial

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

court's rulings regarding the three-prongs of *Richardson* are reviewed for an abuse of discretion, but this discretion can be exercised only following a proper inquiry." *Id.* at 729. The trial court did not abuse its discretion in concluding that the discovery violation was not willful, where the State acted as soon as it received the information, after the defense had demanded a speedy trial. Further, we agree with the trial court that the appellant did not demonstrate that he was procedurally prejudiced in his trial preparation. Therefore, the trial court did not abuse its discretion in denying the *Richardson* challenge.

Finally, appellant claims that he was entitled to a jury of twelve persons under the Sixth and Fourteenth Amendments to the Constitution. We have rejected this argument in *Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022), *review denied*, 2023 WL 3830251 (Fla. 2023), *cert. denied*, 2024 WL 2709435 (U.S. 2024).

For the foregoing reasons, we affirm the conviction and sentence.

*Affirmed.*

GERBER and KUNTZ, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***